No. 80-436

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

DONALD W. SAYERS, et al.,

               Plaintiff and Respondent,

    vs.

SAFECO INSURANCE COMPANY OF AMERICA
ALLSTATE INSURANCE COMPANY, and
AUTOMOBILE CLUB INSURANCE COMPANY,

               Defendants and Appellants.

Appeal from:  District Court of the Second Judicial District,
              In and for the County of Silver Bow.
              Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

    For Appellants:

        Gene A. Picotte, Clancy, Montana

    For Respondent:

        D. L. Holland, Butte, Montana
        Corette Law Firm, Butte, Montana
        Henningsen, Purcell & Genzberger, Butte, Montana
        Kaylene M. Rubick, Richmond, California
        Anderson, Brown Law Firm, Billings, Montana
        William N. Geagan, Butte, Montana

               Submitted on briefs: April 8, 1981

                        Decided: May 26, 1981

Filed: **MAY 26 1981**

_Thomas J. Kearney_
                            Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Safeco Insurance Company (Safeco) appeals from an adverse judgment of the District Court of the Second Judicial District, Silver Bow County. The parties stipulated to a bifurcated proceeding and submitted two issues for adjudication, reserving the right to a jury trial on damages if necessary. The issues submitted were:

1. Whether or not the plaintiff, Donald Sayers, was, at the time and place of the accident, "occupying" the automobile owned by Gary J. Galetti within the definition of the term "occupying" as defined in the insurance policy issued to Galetti by Safeco.

2. Whether Sayers may stack the uninsured motorist limits of liability provided by policies issued by Safeco to Galetti on automobiles other than the automobile Sayers was "occupying" at the time of the accident.

The District Court decided Sayers was (1) "occupying" the Galetti vehicle and (2) entitled to stack the uninsured motorist limits of liability on the Safeco policies covering automobiles not involved in the accident. We concur with the District Court.

Donald Sayers was injured in an accident involving three cars, one of which was owned by Charles Storm. The accident occurred October 4, 1978, on Kaw Street in Butte, Montana.

Storm had asked Sayers to tune-up his 1966 Mercury automobile. Sayers completed the tune-up and advised Storm he should run the engine to clean the carburetor. Storm agreed and left to buy some gasoline. However, the vehicle ran out of gas before he reached a / service station. He walked the short distance back, obtained a can of gasoline and

battery jumper cables from Sayers and rode back to his stalled vehicle with a man named George Yates. They were unable to start Storm's car and Storm returned for Sayers' help.

Sayers, Storm and Gary J. Galetti then drove to Storm's car in Galetti's 1972 Chevrolet Suburban intending to use the vehicle to jump-start the car. Galetti parked ten to twelve feet in front of and facing Storm's car to facilitate the use of his vehicle's battery and the jumper cables. After the men got out, Storm poured some of the gasoline / into his tank, got in his car and waited to turn the ignition key. Sayers was standing between the vehicles, leaning under the hood of Storm's car for the purpose of priming the carburetor with the remaining gas in the can, when a car driven by Kaylene Rubick struck the rear of Storm's car propelling it forward. Sayers was pinned between the Galetti and Storm vehicles and was severely injured.

Kaylene Rubick was uninsured, however, Sayers, Storm and Galetti had the following uninsured motorist (UM) coverage:

| Insured | Insurer | UM Limit | No. of Vehicles | Total |
|---------|---------|----------|-----------------|-------|
| (1)Sayers | Automobile Club Insurance Co. | $25,000 | 2 | $50,000 |
| (2)Galetti | Safeco Insurance | $25,000 | 2 | $50,000 |
| (3)Storm | Allstate Ins. | $25,000 | 3 | $75,000 |

Safeco contends Sayers was not "occupying" the Galetti vehicle under the policy definition. Safeco supports its contention with numerous cases from other jurisdictions which have construed the components of the seemingly universal insurance policy definition of "occupying" which by policy definition was "in or upon or entering into or alighting from." The cases cited by Safeco contain a common element of physical contact with the insured vehicle as the basis

for finding coverage. Safeco contends Sayers was not "occupying" the Galetti vehicle as a matter of law because he was at least ten feet from the Galetti vehicle at the time of the accident.

The "physical contact" test for determining whether one is an occupant is not determinative under Montana law. This Court has developed a "reasonable connection" test. The issue here is whether Sayers' activities at the time of the injury were so reasonably connected to the Galetti vehicle that, under the law, Sayers could be said to be an occupant within the policy's meaning. Nelson v. Iowa Mut. Ins. Co. (1973), 163 Mont. 82, 515 P.2d 362.

In Nelson, an executor brought an action against the decedent's automobile insurer for payment of funeral expenses under the decedent's policy. The decedent's car had slipped off an icy country road during a ground blizzard. The temperature was eight degrees below zero. After leaving her car, the decedent proceeded 269 feet along a fence and fell into an irrigation ditch. She attempted to crawl back, but died of exposure 143 feet from the car. The insurer refused payment of the funeral expenses because the decedent was not occupying the insured automobile. We held the decedent was "occupying" the vehicle and, thus, was insured under the policy.

In Nelson, this Court, while not necessarily agreeing with the result, cited Carta v. Providence Washington Indemnity Company (1956), 143 Conn. 372, 122 A.2d 734, 736, and agreed with the Connecticut court that "[s]ome reasonable length of time must be allowed a person, after getting out, for the completion of acts which can reasonably be expected from those in similar situations." The standard enunciated

in Nelson is whether the "activity [is] reasonably carried out and [is] reasonably connected with the operation of the vehicle." 515 P.2d at 364.

Sayers rode in the Galetti vehicle for the single purpose of jump-starting the disabled car using Galetti's battery. His attempted assistance was undeniably dependent upon and thus reasonably connected to the Galetti vehicle. At the moment the uninsured motorist struck the rear of the disabled vehicle, Sayers had not completed the contemplated jump-start. Consequently, we hold Sayers was "occupying" the Galetti vehicle within the policy definition.

Safeco next contends that if Sayers is determined to be insured, he should not be allowed to "stack" the uninsured motorist coverage under the policies for which he paid no premium. Safeco concedes Kemp v. Allstate Ins. Co. (1979), ___ Mont. ___, 601 P.2d 20, 36 St.Rep. 1381, allowed stacking where the decedent had not been the policyholder.

In Kemp, there were two insurance policies. One policy was issued to the host driver covering two vehicles, and a second was issued to the decedent's parents covering three vehicles. Separate premiums for the uninsured motorist protections were paid under the policies and the policyholders, not the decedent, paid the premiums. There we held:

> "In applying Montana law, we determine that the uninsured motorist coverages are to be 'stacked'; that is, in policies of insurance which cover two or more vehicles, if a separate premium has been charged and collected on each vehicle for uninsured vehicle coverage, the insured is entitled to recover under uninsured motorist coverage sums found legally recoverable up to the aggregate sum of the coverages on all the motor vehicles so insured. Sullivan v. Doe (1972), 159 Mont. 50, 495 P.2d 193; Mountain West Farm Bureau v. Neal (1976), 169 Mont. 317, 547 P.2d 79; Chaffee v. U.S. Fid. & Guar. Co., et al. (1979), Mont., 591 P.2d 1102, 36 St.Rep. 398." 601 P.2d at 24.

Safeco contends only an insured who pays the premiums for the additional coverage should be allowed to stack, citing several other jurisdictions that have so held. We are not persuaded by the authority cited. The rule of Kemp and the authorities cited therein control. Sayers was an insured as defined by the policy. Under these facts there is no reason to distinguish between persons insured and policyholders who have actually paid premiums. The justification for stacking lies not in who has paid for the extra protection, but rather that the protection has been purchased. The benefits flow to all persons insured.

The judgment of the District Court is affirmed.

_____
                    Justice

We concur:

_____

_____

_____

_____
          Justices