No. 94-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FRANK CHILBERG,

       Plaintiff and Appellant,

v.

VALERIE WYNN ROSE and
MID-CENTURY INSURANCE COMPANY,

       Defendants and Respondents.

FILED

OCT 13 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Thomas M. Keegan, Attorney at Law, Helena,
Montana

       For Respondent:

           Lyman H. Bennett, III; Morrow, Sedivy & Bennett,
Bozeman, Montana

Submitted on Briefs:  July 28, 1995

Decided:  October 13, 1995

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Frank Chilberg (Chilberg) appeals from an order of the First Judicial District Court, Lewis and Clark County, granting Mid-Century Insurance Company (Mid-Century) summary judgment, concluding that Mid-Century was not liable under uninsured motorist coverages and medical coverages provided in separate insurance policies. We affirm.

The following issue is raised on appeal:

Did the District Court err in granting Mid-Century's motion for summary judgment?

The material facts of the case are undisputed. On January 5, 1992, Chilberg was a passenger in a car driven by Derek Whittenberg, which was struck by a car driven by defendant Valerie Wynn Rose. Chilberg was injured in the collision. Chilberg alleges that Rose failed to stop at a red light before running into the vehicle Whittenberg was driving. Rose was an uninsured motorist.

Whittenberg is the stepson of Jay Dean, the insured owner of the car involved in the accident. Dean purchased an auto insurance policy from Mid-Century covering the car in which Chilberg was riding. The policy provided coverage for medical expenses and for bodily injury caused by uninsured motorists. At the time of the accident, Dean had three cars insured through Mid-Century. Each car was covered under a separate policy and each policy provided identical coverages and policy limits. Each of the three policies had limits of $25,000 per person and $50,000 per incident for

2

uninsured motorist, and $5,000 per person for medical coverage. Dean paid separate premiums for each of the coverages provided in the three policies. Mid-Century paid Chilberg a total of $30,000 under the uninsured motorist and medical coverages provided in the policy insuring the car in which Chilberg was riding.

On January 31, 1994, Chilberg filed suit against Rose and Mid-Century. Chilberg was unable to serve Rose. In his complaint, Chilberg alleged that while Mid-Century paid him for uninsured motorist and medical coverage available under the policy issued on Dean's car involved in the accident, it refused to pay him uninsured motorist and medical coverage available under the policies issued on Dean's other two cars. In its answer, Mid-Century alleged that Chilberg was not an "insured" under the terms of Dean's other two policies. On May 20, 1994, Mid-Century moved for summary judgment. On August 26, 1994, the District Court granted Mid-Century's motion for summary judgment. Chilberg appeals.

Our standard in reviewing a district court's grant of a motion for summary judgment is the same as that utilized by the district court; we are guided by Rule 56, M.R.Civ.P. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. Thus, we determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Minnie, 849 P.2d at 214. In this case, there is no genuine issue of material fact, therefore we need only consider whether the District Court was correct in concluding that Mid-Century was

3

entitled to judgment as a matter of law.

For some time, this Court has approved the practice of "stacking" uninsured motorist coverages when the insured has paid separate premiums for the separate uninsured motorist coverages. See Kemp v. Allstate Ins. Co. (1979), 183 Mont. 526, 601 P.2d 20. In Kemp, we allowed stacking of uninsured motorist coverages under two separate policies. One policy was issued in Vermont and covered two cars, one of which was the car in which plaintiff's decedent was an "occupant." The second policy was a New York policy issued to decedent's parents that covered three cars. There was no question in Kemp as to whether decedent was an "insured." Under the Vermont policy, decedent was an "insured" by virtue of "occupying a motor vehicle owned by the named insured." And, according to the New York policy, decedent was an "insured" because decedent was a "relative" of the named insured. As an insured under both policies, she was allowed to stack coverages for each insured vehicle within each policy.

In Sayers v. Safeco Ins. Co. of America (1981), 192 Mont. 336, 628 P.2d 659, one insurance policy covered two vehicles. That policy defined "insured" as the named insured or "any other person while occupying an insured automobile." This Court determined that Sayers was occupying a car owned by Gary Galetti, within the meaning of the insurance policy, when an uninsured motorist struck the car. Galetti's policy covered the car involved in the accident and another car owned by Galetti. Once we determined that Sayers was "occupying" the Galetti car, Sayers qualified as an insured

4

under the policy and was, therefore, entitled to stack uninsured motorist coverage from the two Galetti cars. Accordingly, we held that a passenger, as well as an insured who pay premiums, can stack coverage for multiple cars insured under one policy. Sayers, 628 P.2d at 661.

Mid-Century argues that Sayers is distinguishable because in Sayers Safeco only issued one policy under which both cars were insured. Here, Mid-Century issued three separate policies to Dean and, according to Mid-Century, Chilberg does not qualify as an insured under the two disputed policies because he was not occupying the cars insured under the two disputed policies. We agree. Although this case, like Kemp and Sayers, involves a passenger it presents a different situation from those cases. In both Kemp and Sayers, the plaintiff fit within the definition of "insured" for each policy that was stacked. Once the injured party qualified as an insured, either as a relative or as an occupant, the injured party could stack the coverage for each vehicle within that policy.

Here, however, we have three separate vehicles covered by three separate policies. Each policy covers the named insured or "any other person while occupying your insured car." Mid-Century paid the coverage for the one vehicle Chilberg occupied at the time of the accident. The question then becomes whether or not Chilberg is an insured under the other two policies and, therefore, entitled to stack as we allowed in Kemp and Sayers. The only way Chilberg can be an insured under the other two policies is if he were

5

"occupying" the insured car named under that policy or if he fit within the definition of family member or relative. Obviously, Chilberg can only "occupy" one car at a time. Unlike Kemp, Chilberg is not a relative and cannot qualify as a family member under any of the policies. Unlike Sayers, the policy under which Chilberg qualifies as an insured passenger covers only one vehicle.

We note that the other two policies in question could arguably be stacked if the vehicle involved in the accident were acquired during either or both policy periods since both policies define "insured car" as including:

> 1. The vehicle described in the Declarations of this policy or any private passenger car or utility car with which you replace it. You must advise us within 30 days of any change of private passenger car or utility car. . . .
>
> 2. Any additional private passenger car or utility car of which you acquire ownership during the policy period. Provided that:
>
>> a. You notify us within 30 days of its acquisition, and
>> b. As of the date of acquisition, all private passenger and utility cars you own are insured with a member company of the Farmers Insurance Group of Companies. [Emphasis added.]

Here, the car involved in the accident was acquired in 1986. Dean purchased the two policies in question on May 6, 1991. Even though the car involved was insured after the other two policies became effective, Dean acquired it years before the effective period of the policies. Thus, it does not qualify as an "insured car" under the above-quoted policy language.

Recently, we examined several prior decisions in which this

6

Court allowed plaintiffs to stack uninsured motorist coverages. We stated that "[t]he public policy embodied in these decisions is that an insurer may not place in an insurance policy a provision that defeats coverage for which the insurer has received valuable consideration." Bennett v. State Farm Mut. Auto. Ins. Co. (1993), 261 Mont. 386, 389, 862 P.2d 1146, 1148. However, in Bennett, the plaintiff qualified as an insured under both policies. She was the named insured in one policy and a spouse under the other policy. In addition, Bennett relies upon the reasonable expectations of the insured.

The public policy and rationale we restated in Bennett is not furthered by permitting Chilberg to stack the policies in the instant case. Chilberg was a passenger who neither had "reasonable expectations" of coverage under the policy nor did he qualify as an insured spouse or family member under more than one policy.

This Court also recognizes that underinsurance coverage is not dependent on the insured occupying a covered vehicle, rather, the coverage is personal to the insured. Chaffee v. U.S. Fid. & Guar. Co. (1979), 181 Mont. 1, 7, 591 P.2d 1102, 1105. In Chaffee, three cars were insured under one policy and we held that plaintiff, as an insured or a family member, was entitled to stack the coverage regardless of occupancy. Chaffee, 591 P.2d at 1105.

Here, however, the Chaffee holding is inapplicable. The policy at issue states: "Insured person means: (a) You or a family member. (b) Any other person while occupying your insured car." The Chaffee holding that occupancy is not required applies only to

7

subsection (a) of the policy definition, that is, the insured or a family member. As to passengers, logic dictates that you cannot be a "passenger" in a car unless you are occupying that car. If the occupancy requirement were deleted as to subsection (b), passengers, then the definition of insured becomes totally open-ended and encompasses not only the insured and his or her family, but also "any other person." Public policy is not furthered by having insurance policies cover named insureds, their families, and "any other person." Such global coverage would render the definition of insured nonsensical.

In this case, Chilberg does not fit within the definition of insured, either as a named insured, family member, or occupant of a vehicle insured under that policy. Further, the public policy rationale underlying stacking, namely prohibiting insurers from defeating coverage which the insured reasonably expected, is not served by stacking the policies in the instant case. See Kemp, 601 P.2d at 24; Chaffee, 591 P.2d at 1105.

We hold that the District Court properly determined that there were no genuine issues of material fact and that Mid-Century was entitled to judgment as a matter of law.

Affirmed.

_W. William Baughm̲_
Justice

8

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

October 13, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Thomas M. Keegan, P.C.
Attorney At Law
1313 Eleventh Avenue
Helena MT 59601

Lyman H. Bennett, III.
MORROW, SEDIVY & BENNETT, P.C.
Box 1168
Bozeman MT 59771-1168

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy