No. 97-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

DAVID RUCKDASCHEL, SR.,
and TAMI RUCKDASCHEL,

Plaintiffs and Respondents,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Susan P. Roy; Garlington, Lohn & Robinson;
Missoula, Montana

For Respondents:

William P. Joyce; Burgess, Joyce, Starin & Whelan;
Butte, Montana

Submitted on Briefs: September 17, 1997

Decided: November 13, 1997
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiffs, Tami and David Ruckdaschel, brought this action against the defendant, State Farm Mutual Automobile Insurance Co., in the District Court for the Second Judicial District in Silver Bow County to obtain coverage for medical payments pursuant to their policies with State Farm. Both parties moved for summary judgment. The District Court granted the Ruckdaschels' motion as it pertained to coverage issues, and held that genuine issues of material fact exist regarding other claims. State Farm appeals from the District Court's order. We affirm the judgment of the District Court.

The issue on appeal is:

Does State Farm's anti-stacking language in the medical payment portion of the Ruckdaschels' policy violate Montana public policy?

FACTUAL BACKGROUND AND DISCUSSION

This appeal initially involved two separate automobile accidents. The first occurred on April 27, 1994. In that accident, Tami Ruckdaschel was injured while riding as a passenger in her husband's 1993 Chevrolet truck when it was struck by a vehicle driven by Rod Timmer. She incurred medical expenses in the amount of $5,725.08 as a result of this accident. State Farm paid $5,000 toward those expenses. On appeal, Tami has moved this Court to dismiss her claim related to that accident, given the amount of money in controversy. Although State Farm objects to that motion, we grant Tami's motion to dismiss. Therefore, State Farm's appeal with regard to the issue of coverage for Tami's April 27, 1994, accident is moot. In State v. Murray (1979), 183 Mont. 499, 503, 600 P.2d 1174, 1176, we held that "[a] moot question is one which existed once but because of an event or happening, it has ceased to exist and no longer presents an actual controversy." This Court will not decide moot questions and therefore will not address State Farm's appeal regarding Tami's claim for medical payment benefits arising out of the April 27, 1997, accident. See Murray, 183 Mont. at 503, 600 P.2d at 1176.

The second accident occurred on October 16, 1994. In that accident, Tami was injured when struck as a pedestrian by a vehicle driven by Neil Gordon. She incurred medical expenses in excess of $15,000 as a result of those injuries.

Tami had three separate medical payment policies in effect with State Farm at the time of the accident. She paid a separate premium for each of those coverages. Each policy had a limit of $5,000 for medical payment coverage. However, State Farm refused to pay more than the single limit of $5,000. The District Court held that the coverages may be "stacked" and ordered State Farm to pay the additional $10,000.

Each of Tami's three policies in effect at the time of the October 16, 1994, accident contained the following coverage language:

We will pay medical expenses for bodily injury sustained by:
1.  a.  the first person named; and
    b.  his or her relatives.

These persons have to sustain the bodily injury:
a.  while they operate or occupy a vehicle covered under the liability
            section; or
b.  through being struck as a pedestrian  by a motor vehicle or trailer.

(Underlining added.)

Although this language provides coverage pursuant to each of the three policies for
the injuries Tami sustained in the October accident, State Farm added the following
language in an amendatory endorsement to each policy:
2.  Policies Issued by Us to You, Your Spouse or Relatives
If two ore [sic] more policies issued by us to you, your spouse or your
relatives provide vehicle medical payments coverage and apply to the same
bodily injury sustained;
a.   while occupying a non-owned car, a temporary substitute car; or
b.   as a pedestrian
the total limits of liability under all such policies shall not exceed that of the
policy with the highest limit of liability.

On appeal, State Farm contends that the District Court erred when it concluded
that our decision in Bennett v. State Farm Ins. Co. (1993), 261 Mont. 386, 862 P.2d
1146, allowed stacking of medical payment coverage in spite of the cited language. It
contends that because medical payment coverage is not required by law, the rationale
from Bennett is inapplicable.  It further contends that because other jurisdictions have
upheld similar or identical language with regard to medical payment coverage, the
District Court erred when it chose to follow our decision in Bennett.  The Ruckdaschels
contend, on the other hand, that our decision in Bennett controls the outcome of this case
and that the District Court was correct to follow that decision.

Our standard of review in appeals from summary judgment rulings is de novo.  See
Motarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242,
907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782,
785.  When we review a summary judgment, we apply the same criteria as the district
court based on Rule 56, M.R.Civ.P.  See Bruner v. Yellowstone County (1995), 272
Mont. 261, 264, 900 P.2d 901, 903.

The essential question presented by this appeal is whether State Farm may rely on
the language of its amendatory endorsement to deny coverage under each policy when it
received a separate premium for each policy.  In Bennett, we addressed a nearly identical
question.  The only difference between the facts of this case and the facts of Bennett is
that Bennett involved underinsurance coverage and this case involves medical payment
coverage.  All other facts are identical: Bennett dealt with a pedestrian/automobile
accident as does this case; Bennett involved a plaintiff who had purchased multiple

insurance policies with identical coverages, just as the Ruckdaschels had done in this
case; in Bennett, as in this case, the insurance company charged and was paid a separate
premium for each policy; and, finally, in Bennett, as in this case, State Farm sought to
prohibit stacking of an optional coverage by relying on the following "anti-stacking"
language: "The total limits of liability under all such coverages shall not exceed that of
the coverage with the highest limit of liability." Bennett, 261 Mont. at 388, 862 P.2d at
1148.  Based on the facts in Bennett, we held that this "anti-stacking" provision is
unenforceable as a violation of Montana's public policy.

In Bennett, we articulated Montana's public policy as follows: "[A]n insurer may
not place in an insurance policy a provision that defeats coverage for which the insurer
has received valuable consideration." Bennett, 261 Mont. at 389, 862 P.2d at 1148.
Although stated most recently in Bennett, this Court has consistently upheld and relied
upon this public policy for the past twenty-five years.  See, e.g., Grier v. Nationwide Ins.
Co. (1991), 248 Mont. 457, 812 P.2d 347; Sayers v. Safeco Ins. Co. (1981), 192 Mont.
336, 628 P.2d 659; Chaffee v. U.S. Fidelity & Guaranty Co. (1979), 181 Mont. 1, 591
P.2d 1102; Sullivan v. Doe (1972), 159 Mont. 50, 495 P.2d 193.  We agree with the
Ruckdaschels that Bennett is applicable here and, therefore, apply that same public policy
to the facts of this case.

In Montana, an insurer is not allowed to deny coverage for which it has received
valuable consideration.  See Bennett, 261 Mont. at 389, 862 P.2d at 1148.  It is
undisputed that the Ruckdaschels paid a premium for each of the three policies in effect
at the time of Tami's October 1994 accident.  It is also undisputed that each of the
Ruckdaschels' policies provided for medical payment coverage for pedestrian accidents,
such as the accident in which Tami was involved.  Because State Farm received valuable
consideration for each policy, we conclude that State Farm cannot now refuse to pay
benefits due pursuant to each policy.  To hold otherwise would deny State Farm's insured
the benefit of the coverage that she purchased.

In Bennett, State Farm argued that the cases which articulate Montana's public
policy apply only to coverage which insurance companies are required by statute to offer
to all their customers, and not "optional" types of coverage such as medical payment and
underinsured motorist coverage.  We disagreed with State Farm in Bennett because the
public policy of this state favors adequate compensation for accident victims when the
tort-feasor does not provide adequate indemnification.  See Bennett, 261 Mont. at 389,
862 P.2d at 1148.  We further held, as we do here, that the absence of a statutory
requirement for that type of coverage is irrelevant because the public policy

considerations which invalidate contractual anti-stacking provisions in mandatory insurance coverage also support invalidating those provisions in an optional type of insurance coverage. See Bennett, 261 Mont. at 389, 862 P.2d at 1148. Therefore, we conclude that the District Court did not err when it held that the public policy concerns which apply in statutorily required insurance coverage contexts also apply to optional types of insurance coverage such as, in this case, medical payment coverage.

For these reasons, we affirm the judgment of the District Court related to coverage for injuries sustained by Tami Ruckdaschel on October 16, 1994, and dismiss her claim for additional coverage for injuries sustained on April 27, 1994.

We remand to the District Court for further proceedings consistent with this opinion.


/S/   TERRY N. TRIEWEILER


We Concur:

/S/   J. A.   TURNAGE
/S/   W. WILLIAM LEAPHART
/S/   JIM REGNIER
/S/   WILLIAM E. HUNT, SR.