No. 98-128

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 226N

WILLIAM R. GIBSON, d/b/a GIBSON

ADVERTISING AND DESIGN,

Plaintiff and Respondent,

v.

PHIL COUCH and KELLY HOOD,

THE AUTO SHOW,

Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable G. Todd Baugh, Judge Presiding.

COUNSEL OF RECORD:

For Appellants:

Phil Couch (pro se), Billings

For Respondent:

William R. Gibson, Jr. (pro se), Billings

Submitted on Briefs: July 16, 1998

No

Decided: September 10, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **Phil Couch appeals from a money judgment entered against him in the Thirteenth Judicial District Court, Yellowstone County. He states the issue as whether the lower courts erred in failing to dismiss the complaint as filed in an improper venue. However, because we determine that this appeal is moot, we do not reach that issue.**

¶ **In November 1996, William Gibson d/b/a Gibson Advertising and Design filed a complaint in the Yellowstone County Justice Court against Couch, Kelly Hood, and their business, The Auto Show. Gibson claimed that the defendants owed him $700 for layout and design of a logo for The Auto Show. Gibson's business is located in Yellowstone County; The Auto Show is located in Gallatin County. Couch was the only defendant served with process. He thwarted service of process upon Kelly Hood by assaulting the process server.**

¶ In both the Justice Court and the Yellowstone County District Court, to which Couch appealed for *de novo* review, Couch moved to dismiss this action on grounds that Yellowstone County was an improper place for trial. Both the Justice Court and the District Court denied Couch's motions to dismiss and subsequently entered judgment against him in the amount of $700 plus interest and costs.

¶ The District Court's judgment was entered on December 22, 1997. Couch filed a notice of appeal on January 19, 1998, and on January 31, 1998, moved to convert the bond he had filed on appeal from Justice Court to a supersedeas bond pending appeal to this Court. The District Court, noting that the appeal bond no longer existed because it had been used to satisfy the District Court judgment, determined that the motion was moot and denied it.

¶ A moot question is one which existed once but no longer presents an actual controversy. *Ruckdaschel v. State Farm* (1997), 285 Mont. 395, 396, 948 P.2d 700, 701. A party may not claim an exception to the mootness doctrine where the case has become moot through the party's own failure to seek a stay of a judgment. *Turner v. Mountain Engineering and Const., Inc.* (1996), 276 Mont. 55, 60, 915 P.2d 799, 803.

¶ Here, Couch waited over a month following the entry of judgment against him to move to have his Justice Court appeal bond converted to a supersedeas bond, and he never moved the District Court for a stay of execution of judgment. In the meantime, Gibson's judgment against him was satisfied. We hold that the judgment in this case having been satisfied, the venue question which Couch raises on appeal is moot. Accordingly, we dismiss this appeal.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

No

Justice James C. Nelson dissents.

¶ I respectfully dissent. In my view the Court's approach misses the mark completely. The District Court's decision should be reversed with instructions that Gibson's complaint be dismissed without prejudice.

¶ It makes little sense to write a long and involved legal analysis in opposition to a two-page, noncitable opinion. Accordingly, I state my rationale in very summary fashion. On the facts of this case and under the version of Rule 3.A.(1)(b), of the Montana Justice and City Court Rules of Civil Procedure (M.J.C.C.R.Civ.P.) in effect at the time Gibson filed his complaint and at the time the Justice Court entered judgment, Gibson was required to file his action in Gallatin County. Yellowstone County was not a proper place for trial of Gibson's cause. Under Rule 3.B.,M.J.C.C. R.Civ.P., "[w]hen the county . . . in which the complaint is filed is not the proper county . . . for . . . trial, the complaint *must* be dismissed without prejudice." (Emphasis added.) Moreover, under Rule 3.C.(4), M.J.C.C.R.Civ.P., "[i]f the objection that the action is brought in the wrong county . . . is taken at trial and overruled, it may be the cause of a reversal on appeal and does not otherwise invalidate the judgment."

¶ In the case at bar, since Yellowstone County was not the proper place for the trial of Gibson's action, the Justice Court was *required* to dismiss his complaint without prejudice. Furthermore, since Couch objected to the place of trial in Justice Court and since his objection was overruled, the District Court was obligated to entertain his appeal and to reverse the judgment of the Justice Court.

¶ This Court's mootness approach is simply a red herring. Why should Couch have had to post a bond to secure a judgment that the rendering court never had authority to enter in the first place? Moreover, the Justice Court judgment which was

No

"satisfied" with the appeal bond was void *ab initio* since the court that rendered it was without authority to do so. Finally, the majority cite no rule or other authority that requires a litigant on appeal to district court from justice court to move to convert his appeal bond to a supersedeas bond within some given time frame. The District Court erred in failing to see the forest for the trees, and we have now compounded the error.

¶ I would address the merits of Couch's appeal, and I would reverse with instructions that Couch's complaint be dismissed without prejudice. I dissent from our failure to do so.

/S/ JAMES C. NELSON