DISTRICT COURT JUDGE TODD, sitting for former JUSTICE TRIEWEILER,
delivered the Opinion of the Court.
¶1 Pursuant to Rule 44(c) of the Montana Rules of Appellate Procedure, Chief Judge Donald W. Molloy of the United States District Court for the District of Montana, Missoula Division, certified two questions to this Court. The two questions from the United States District Court are:
¶2 1. Is a shareholder or relative of a shareholder of a closely-held corporation covered by an automobile liability policy issued to the *384 closely-held corporation when the terms of the policy include coverage reference to “relatives”?
¶3 2. Given the facts of this case, if Kristine Lierboe is covered under the Shining Mountain Design and Construction, Inc., policy, does the anti-stacking holding in Ruckdaschel apply under the terms of these policies?
¶4 For the reasons discussed below, we will not address the first issue and find the second issue dispositive. We hold that, given the facts of this case, Kristine Lierboe is not covered under the Shining Mountain policy. Since this is a coverage case and not a stacking case, Ruckdaschel does not apply under the terms of the policies.
FACTUAL BACKGROUND
¶5 The United States District Court submitted the following facts as agreed upon by the parties: Plaintiff Lierboe is a resident of Kalispell, Flathead County, Montana. All class members were Montana insureds to whom insurance policies were issued in Montana. The collision that resulted in injuries to Lierboe occurred in Montana.
¶6 Defendant State Farm Mutual Automobile Insurance Company (State Farm) is a corporation existing under the laws of a state other than Montana and has its principal place of business in a state other than Montana. State Farm is authorized to transact business in Montana, and regularly transacts business in Montana. The acts and omissions that give rise to this case occurred in Montana. The insurance policies that gave rise to this action were issued to Lierboe and class members as Montana insureds.
¶7 On or about September 5,1996, Lierboe suffered physical injury as a result of an automobile collision. The vehicle Lierboe was driving at the time of the accident, a 1986 Jeep Cherokee, was insured by State Farm (policy number 107 0721-D12-26D). The named insureds on the policy were Hal C. Trost and Kristine Lierboe of Whitefish, Montana. The policy provided medical payment coverage (MPC) with limits of $5,000.
¶8 Lierboe had an interest in a corporation, Shining Mountain Design and Construction (Shining Mountain), on the date of the accident. Shining Mountain had two automobile insurance policies issued by State Farm. Policy number 107 2821-C01-26G covered a 1991Dodge Dakota pickup truck; this particular policy had MPC with limits of $5,000. Policy number 108 0457-E25-26H covered a 1970 IHC flatbed truck; this particular policy did not have MPC.
¶9 On September 16, 1996, State Farm wrote Lierboe and *385 acknowledged her claim for MPC as a result of the accident. State Farm advised Lierboe that her MPC limit was $5,000. Lierboe submitted medical bills in excess of $5,000. On June 2, 1997, State Farm advised Lierboe that she had reached her medical payment policy limits.
¶10 On November 13, 1997, the Montana Supreme Court decided Ruckdaschel v. State Farm Mut. Auto Ins. Co. (1997), 285 Mont. 395, 948 P.2d 700. The State Farm automobile policy at issue in this case provides MPC benefits to a person entitled coverage for reasonable medical expenses that are necessary as a result of a covered accident. The benefits are available for expenses incurred within three years of an accident. State Farm did not notify Lierboe that she was entitled to additional medical payment benefits after June 2, 1997. State Farm did not pay any additional medical benefits to Lierboe after June 2, 1997.
¶11 On March 18, 1999, the Office of the State Auditor and Commissioner of Insurance for the State of Montana sent a letter to State Farm. The letter alerted State Farm to the application of the Ruckdaschel ruling to other Montana insureds. Following the decision in Ruckdaschel, State Farm considered the application of the holding to pending claims.
GIVEN THE FACTS OF THIS CASE, IF KRISTINE LIERBOE IS COVERED UNDER THE SHINING MOUNTAIN DESIGN AND CONSTRUCTION, INC., POLICY, DOES THE ANTI-STACKING HOLDING IN RUCKDASCHEL APPLY UNDER THE TERMS OF THESE POLICIES?
¶12 In this case, Lierboe argues that she can stack the personal MPC coverage of the Jeep she was driving with the Shining Mountain MPC coverage of the Dodge which was not involved in the accident. The unambiguous language of the Dodge policy excludes coverage for Lierboe’s accident in the Jeep. At the end of the Dodge MPC section, under the heading “What Is Not Covered,” the policy states:
THERE IS NO COVERAGE:
4. FOR MEDICAL EXPENSES FOR BODILY INJURY: a. SUSTAINED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A VEHICLE OWNED OR LEASED BY YOU OR ANY RELATIVE, WHICH IS NOT INSURED UNDER THIS COVERAGEE.]
¶13 The No Coverage Provision of the Dodge policy is clear and unambiguous. Lierboe is claiming medical expenses from the Dodge *386 MPC policy that she sustained while she was occupying a vehicle (her 1986 Jeep) owned by her. Lierboe argues that an interpretation of the Dodge policy exclusion excluding MPC would violate her reasonable expectations. But “[e]xpectations which are contrary to a clear exclusion from coverage are not ‘objectively reasonable.’ “ Stutzman v. Safeco Insurance Co. of America (1997), 284 Mont. 372, 381, 945 P.2d 32, 37 (quoting Wellcome v. Home Ins. Co. (1993), 257 Mont. 354, 359, 849 P.2d 190, 194).
¶14 The Jeep policy clearly and unambiguously states in its MPC section that only insureds get MPC under the policy covering the Jeep: “These persons [for whom medical expenses are payable] have to sustain the bodily injury: a. while they operate or occupy a vehicle covered under the liability section[.]” Medical payment coverage follows only the listed vehicle and not other vehicles.
¶15 Lierboe also argues that the No Coverage provision of the Shining Mountain Dodge MPC is ambiguous when it states there is no coverage for injury sustained while occupying an owned vehicle “not insured under this coverage.” When the provision states that there is no coverage for injuries sustained while occupying an owned vehicle not insured under “this coverage,” the phrase “this coverage” refers only to the Dodge policy. Therefore, there is “no coverage” for injuries sustained while occupying any owned vehicle other than the Dodge. The word “this” does not mean “other.” “This” means “this.”
¶16 Other jurisdictions that have examined identical “no coverage” provisions from State Farm policies have held that such a limitation to vehicles insured under “this coverage” unambiguously excludes coverage for injuries sustained while occupying owned vehicles insured under other coverages. In a case very similar to this case, the New Mexico Supreme Court rejected an insured’s argument for stacking MPC:
The relevant portions of the policy, supra, clearly indicate that medical coverage is for the vehicle described in the policy only and, therefore, unambiguously rejects stacking----
The policies state that State Farm will pay medical expenses to certain enumerated parties while they operate a vehicle covered under the liability section. The liability section obligates the insurer to pay for loss resulting from the use of “your car,” which is defined as the one car owned by Sanchez [insured] that the policy covers. The policy further excludes injury sustained while occupying any vehicle owned by Sanchez that is not insured by the coverage of the policy.
*387 Sanchez v. Herrera (N.M. 1989), 783 P.2d 465, 470. The Missouri Supreme Court held that a no coverage provision identical to the case at bar “clearly expresses the intention to limit coverage to injuries caused by the insured vehicle or vehicles.” Hempen v. State Farm Mut. Auto Ins. Co. (Mo. 1985), 687 S.W.2d 894, 895.
¶17 In 1997, this Court decided Ruckdaschel. Ruckdaschel was injured when she was struck as a pedestrian by a car driven by a State Farm insured. The “anti-stacking” language of the State Farm policy in Ruckdaschel was held to be unenforceable as a violation of Montana’s public policy. Ruckdaschel, 285 Mont. at 399, 948 P.2d at 703.
¶18 In Ruckdaschel, each State Farm policy contained language that said State Farm would cover expenses for bodily injury sustained “through being struck as a pedestrian by a motor vehicle or trailer.” Ruckdaschel, 285 Mont. at 397, 948 P.2d at 701. Only the operation of the anti-stacking clauses contained in each policy, which the Court held unenforceable, prevented Ruckdaschel from recovering under multiple policies. Ruckdaschel, 285 Mont. at 399, 948 P.2d at 702. Ruckdaschel does not apply in this case because Lierboe’s accident in her Jeep was covered by only a single policy. Therefore, there was no second covering policy to stack. No stacking issue exists unless there are multiple policies which actually cover the accident in question.
¶19 Lierboe’s argument in this case is based on a fundamental misconception oihoDiRuckdaschel and the insurance policies at issue. Ruckdaschel invalidated anti-stacking provisions and held that when two or more MPC coverages apply to a given accident, the insured may recover up to the limit of both. In this case, Lierboe’s accident in her Jeep was, for reasons entirely unrelated to any anti-stacking language, only covered by the Jeep policy and was not covered by the Shining Mountain Dodge policy. As Lierboe’s accident was covered only by a single policy, there is no second policy to stack. Therefore, the anti-stacking provision never comes into play, and the Ruckdaschel decision does not apply.
¶20 The distinction between named insureds and those who qualify as insureds only by virtue of their occupancy in the vehicle was pointed out in our decision in Chilberg v. Rose (1995), 273 Mont. 414, 903 P.2d 1377. The plaintiff in Chilberg was injured as a passenger in a car owned by Jay Dean and insured by Mid-Century Insurance Company. Dean had three cars insured under separate policies through Mid-Century at the time of the accident. The plaintiff attempted to stack the MPC and uninsured motorist benefits of all three policies. *388 Chilberg, 273 Mont. at 415, 903 P.2d at 1378.
¶21 The Chilberg Court held that stacking coverages in that case was not appropriate because the plaintiff “[did] not qualify as an insured under the two disputed policies because he was not occupying the cars insured under the two disputed policies.” Chilberg, 273 Mont. at 417, 903 P.2d at 1379. Permitting Chilberg to stack policies did not further the public policy rationale in Bennett v. State Farm Mut. Auto. Ins. Co. (1993), 261 Mont. 386, 862 P.2d 1146. The Chilberg Court went on to state “Chilberg was a passenger who neither had ‘reasonable expectations’ of coverage under the policy nor did he qualify as an insured spouse or family member under more than one policy.” Chilberg, 273 Mont. at 418, 903 P.2d at 1380.
¶22 The distinction between Ruckdaschel and Chilberg is clear. In Ruckdaschel, the accident of the insured was covered by multiple policies and, once the anti-stacking clause was struck down, the insured was entitled to stack the policy limits. In Chilberg, as in this case, coverage was excluded under the second policy because the plaintiff did not occupy the vehicle covered by that policy. Lierboe in this case did not have reasonable expectations of coverage under the Shining Mountain policy as she did not qualify as an insured under more than one MPC policy. Therefore, there was no stacking issue. This case involves only a coverage issue.
¶23 Based upon the foregoing analysis, we answer that Kristine Lierboe is not covered under the Shining Mountain and Design Construction, Inc., policy. Therefore, the anti-stacking holding in Ruckdaschel does not apply under the terms of these policies.
CHIEF JUSTICE GRAY, and JUSTICES LEAPHART, COTTER and RICE concur.