JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Jeff Gibson, Melinda Gibson, Amber Gibson, Zachery Gibson, and Edward Kinion (the Gibsons) sought to recover from State Farm Mutual Automobile Insurance Company (State Farm) medical payments coverage (MPC) from three policies they had with State Farm. State Farm brought an action in the Eighth Judicial District Court, Cascade County, seeking a declaratory judgment regarding the scope of the MPC under the three auto insurance policies. The District Court granted State Farm’s motion for summary judgment on the grounds that Gibsons could not stack the MPC. We reverse and remand.
¶2 The issue on appeal is:
¶3 Does Montana public policy require stacking of MPC, regardless of language purporting to limit such coverage to occupants of one vehicle?
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
¶4 On July 22, 2003, the Gibsons were involved in a motor vehicle accident in Great Falls, Montana, while driving their 2001 Ford Escort (Escort). Melinda and Amber Gibson suffered injuries and incurred medical expenses in excess of $5,000.00. At the time of the accident, the Gibsons insured the Escort, a Ford F-150 truck (F-150), and a Pontiac Grand Am (Pontiac) with State Farm under separate policies, paying separate premiums for each policy. Each of the three State Farm auto policies included MPC in the amount of $5,000.00. The Gibsons paid a premium for the MPC coverage included in each policy.
*511 ¶5 Each of the Gibsons’ three State Farm insurance policies read in relevant part:
MEDICAL EXPENSES
We will pay reasonable medical expenses incurred, for bodily injury caused by accident, for services furnished within three years of the date of the accident....
Persons for Whom Medical Expenses Are Payable
We will pay medical expenses for bodily injury sustained by:
1. a. the first person named-, and
b. his or her relatives.
These persons have to sustain the bodily injury
a. while they operate or occupy a vehicle covered under the liability section;...
The term “vehicle” is defined in the liability section as “your car.” The definitions section states that “your car” means “the car or the vehicle described on the declarations page.” The MPC section also includes certain exclusions:
What Is Not Covered
THERE IS NO COVERAGE: ...
4. FOR MEDICAL EXPENSES FOR BODILY INJURY:
a. SUSTAINED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED OR LEASED BY YOU OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY[.]
¶6 Gibsons sought to stack the Escort’s MPC with the MPC coverages on the other two vehicles they insured with State Farm. State Farm refused to provide MPC in excess of that contained in the Escort’s policy on the grounds that the MPC provided in the other two policies did not apply to the accident because the Gibsons were not operating or occupying the other two vehicles at the time of the accident. State Farm then filed a complaint seeking declaratory judgment that Gibsons were not entitled to MPC under the other two policies. Gibsons counterclaimed, asserting the policies should be stacked.
¶7 The District Court granted summary judgment in State Farm’s favor on the grounds that the policy’s language that provided “[tjhese persons [for whom medical expenses are payable] have to sustain the bodily injury: a. while they operate or occupy a vehicle covered under the liability section,” meant that only the Escort’s policy applied because that was the vehicle the Gibsons occupied during the accident. The District Court relied on our decision in Lierboe v. State Farm, 2003 MT 174, 316 Mont 382, 73 P.3d 800, and concluded that the other two *512 MPC coverages could not be stacked because only the policy for the Escort applied. Gibsons timely appealed.
ISSUE
¶8 Does Montana public policy require stacking of MPC, regardless of language purporting to limit such coverage to occupants of one vehicle?
STANDARD OF REVIEW
¶9 We review a district court’s grant of summary judgment de novo. We apply the same criteria applied by the district court pursuant to M. R. Civ. P. 56. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. The interpretation of an insurance contract in Montana is a question of law. Augustine v. Simonson, 283 Mont. 259, 263, 940 P.2d 116, 118 (1997). We review a district court’s conclusions of law to determine whether the court’s conclusions of law are correct. Hern v. Safeco Ins. Co. of Ill., 2005 MT 301, ¶ 18, 329 Mont. 347, ¶ 18, 125 P.3d 597, ¶ 18 (citations omitted).
DISCUSSION
¶10 The Gibsons contend that Montana public policy favors stacking of MPC. They argue that State Farm’s provision that limits recovery of MPC to the policy covering only the vehicle occupied in the accident defeats public policy. The Gibsons assert our decision in Lierboe is factually distinct from this case and should not operate to defeat Montana’s public policy favoring the stacking of MPC. State Farm argues in response that our decision in Lierboe should preclude the Gibsons’ from recovering MPC from the F-150 and Pontiac on the grounds that the language in the policies limits coverage only to the vehicle actually occupied and involved in the accident. State Farm contends that because MPC from the other two policies is excluded, the Gibsons may not stack the MPC.
¶11 We have held that if a contract’s terms are clear and unambiguous, the contract language will be enforced. Swanson v. Hartford Ins. Co. of Midwest, 2002 MT 81, ¶ 32, 309 Mont. 269, ¶ 32, 46 P.3d 584, ¶ 32 (citations omitted). The only exception to enforcing an unambiguous contract term is if that term violates public policy or *513 is against good morals. Swanson, ¶ 32. We previously concluded that a provision that defeats coverage for which valuable consideration has been received violates Montana public policy. Hardy v. Progressive Specialty Ins. Co., 2003 MT 85, ¶ 40, 315 Mont. 107, ¶ 40, 67 P.3d 892, ¶ 40; Bennett v. State Farm Mut. Auto. Ins. Co., 261 Mont. 386, 389, 862 P.2d 1146, 1148 (1993). Although Hardy and Bennett involved underinsured motorist coverage, we have applied the same public policy considerations to MPC and held that when an insurer receives valuable consideration for each policy, the insurer cannot refuse to pay the benefits due pursuant to each policy. Rucksdaschel v. State Farm, 285 Mont. 395, 399, 948 P.2d 700, 702 (1997).
¶12 State Farm relies on our decision in Lierboe for its proposition that “coverage” issues are distinct from “stacking issues.” It argues that, under Lierboe, the analysis of whether to stack the Gibsons’ policies need not be made because the “occupancy” clauses preclude coverage under the Gibsons’ other two policies. However, the facts in Lierboe are clearly distinguishable from this case, and to the extent that our decision in Lierboe created the “coverage” and “stacking” distinction, we limit Lierboe to its specific facts as hereinafter set forth.
¶13 In Lierboe, Kristine Lierboe suffered injuries as the result of an automobile accident while driving her Jeep Cherokee that she insured with State Farm. Lierboe, ¶ 7. Leirboe sought to stack the Jeep’s MPC with the MPC for a Dodge Dakota (Dodge) which was owned by Shining Mountain Design and Construction (Shining Mountain), a corporation in which Lierboe had a shareholder interest. Lierboe, ¶ 8. We concluded that Lierboe was not covered under more than one policy because she was not a named insured on the policy for the Dodge and was not occupying the Dodge at the time of the accident. Lierboe, ¶ 22. We also stated that Lierboe did not have reasonable expectations of coverage because she did not qualify as an insured under the Shining Mountain policy and did not purchase or pay for the policy covering the Dodge. Lierboe, ¶ 22.
¶14 In Lierboe, we relied on Chilberg v. Rose, 273 Mont. 414, 903 P.2d 1377 (1995), for the proposition that a person does not have a reasonable expectation for coverage when that person did not purchase the policy and does not qualify as an insured except by occupying the car involved in the accident. Chilberg had sustained injuries while a passenger in a vehicle owned by Jay Dean and insured by Mid-Century Insurance Company. Chilberg did not fit within the definition of insured, either as a named insured, family member, or occupant of a vehicle insured under Dean’s other two policies. Chilberg, 273 Mont. *514 at 419, 903 P.2d at 1380. This Court stated that the underlying public policy favoring stacking would not be served because Chilberg could not have reasonably expected coverage under policies he did not purchase, and under which he did not otherwise qualify as an insured. Chilberg, 273 Mont. at 419, 903 P.2d at 1380.
¶15 Thus, both Chilberg and Lierboe sought to stack polices that did not name them as insureds and for which they did not pay premiums. The Gibsons, by contrast, are family members, expressly named in the policies at issue. Moreover, the Gibsons paid three separate premiums to State Farm for MPC coverage in three policies. In light of these facts, State Farm’s reliance on Lierboe is unavailing. Rather, the facts presented here align this case with our previous opinions in Hardy and Ruckdaschel, in which we disapproved on public policy grounds of policy language which defeated coverage for which valuable consideration had been paid-i.e., policy language which rendered the purchased coverage “illusory.” See Hardy, ¶ 29.
¶16 In Rucksdaschel, the insured was struck as a pedestrian and she sought to recover benefits from three separate MPC policies that were in effect with State Farm at the time of the accident. Rucksdaschel, 285 Mont. at 397, 948 P.2d at 701. State Farm relied upon language contained in the policy that provided that the “total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability,” to deny the insured’s request to stack MPC from the three policies. Rucksdaschel, 285 Mont. at 398, 948 P.2d at 702. The Ruckdaschels, however, paid a premium for each of the three MPC coverages in effect at the time, each of the policies provided MPC for pedestrian accidents, and State Farm received valuable consideration for each policy. Rucksdaschel, 285 Mont. at 399, 948 P.2d at 702. This Court concluded that because State Farm received valuable consideration for each policy, State Farm could not refuse to pay benefits due pursuant to each policy. We stated “[t]o hold otherwise would deny State Farm’s insured the benefit of the coverage that she purchased.” Rucksdaschel, 285 Mont. at 399, 948 P.2d at 702.
¶17 Here, State Farm relies on an exclusion to support its contention that the MPC coverages may not be stacked. State Farm maintains that its “occupancy” exception precludes stacking of MPC. However, here, as in Ruckdaschel, the “occupancy” provision defeats coverage for which valuable consideration has been paid, and which the insured had every expectation of receiving in an instance such as this.
¶18 The policy in this case provides that ‘We will pay medical expenses for bodily injury sustained by the first person named and his *515 or her relatives.” (Emphasis added.) As a result of the accident at issue here, both the named insured (Melinda) and a relative (Amber) sustained injuries for which MPC coverage was sought. Therefore, the Gibsons reasonably expected that, consistent with the insuring language, medical expenses of both family members would be covered. Under State Farm’s interpretation, however, the insured and the family member riding in the same vehicle-by far the most likely of scenarios-are out of luck if their combined medical expenses exceed the single $5,000.00 limit, despite the fact that they have paid separate premiums for three separate $5,000.00 coverages.
¶19 State Farm argues in its brief to this Court that it is “theoretically possible that at one given moment each of the Gibsons’ insured vehicles could be operating and be in individual accidents, with bodily injuries sustained by either the operator or occupants of the insured vehicles.” Indeed, under State Farm’s interpretation, this “fortuity” would be the only circumstance in which an insured operating an insured vehicle would be able to collect more than one $5,000.00 limit at the same time-if two insureds were involved in two separate accidents involving two separate insured vehicles simultaneously. The odds of such a tragic coincidence are infinitesimal. Simply put, regardless of the severity of the injury or the number of relatives injured, an insured can never recover two-thirds of the coverage she paid for as long as the injuries occur in one insured vehicle.
¶20 The anti-stacking effect of the language limiting recovery to vehicles occupied during the accident is further evidenced by State Farm’s own admission that individuals injured as pedestrians or while occupying a non-owned vehicle are permitted to stack MPC. The only individuals not entitled to stack multiple MPCs under State Farm’s current policy are insureds, like the Gibsons, who are injured in an accident in which they are occupying their own vehicle. The occupancy requirement clearly has the effect of precluding stacking.
¶21 In Hardy, we articulated that an anti-stacking provision in an insurance policy that permits an insurer to receive valuable consideration for coverage that is not provided violates Montana public policy. Hardy, ¶ 42. We rejected arguments similar to those made by State Farm in this case, including the argument that the risk involved in providing additional policies to one insured justified additional premiums for coverages that could not be stacked. Hardy, ¶ 41 (citing Chaffee v. U.S. Fid. & Guar. Co., 181 Mont. 1, 591 P.2d 1102, (1979)). We also found that public policy considerations favor adequate compensation, even for non-mandatory coverage. Hardy, ¶ 21.
*516 ¶22 Based on the foregoing, we conclude that State Farm’s anti-stacking provisions violate public policy by allowing State Farm to receive valuable consideration for coverage that is not provided. Hardy, ¶ 42. In addition, we clarify that our analysis in Lierboe is limited in application to those instances in which a claimant seeks to stack coverages from a vehicle she does not own and from an insurance policy she did not purchase.
¶23 Reversed and remanded.
JUSTICES LEAPHART, NELSON and MORRIS concur.