Justice Laurie McKinnon, concurring.
***211 ¶22 I agree with the Court's conclusion that the language of the insurance contract limits liability coverage to the aircraft that is involved in an accident. I also agree that the provisions of § 33-23-203, MCA, do not apply to aircraft or airplanes and, further, that Montana does not statutorily regulate aviation insurance in any manner. Normally, Montana's public policy "is prescribed by the legislature through its enactment of statutes." Fisher , ¶ 25. There being no legislatively determined public policy relating to aviation insurance, the Court turns to its precedent prohibiting anti-stacking of first-party motor vehicle coverages to explain why there is no stacking of aviation third-party liability coverage. Assuming our precedent declaring the public policy in the context of motor vehicle insurance is likewise appropriate to determine public policy for aviation insurance, the Court nonetheless fails to clearly ground its rationale on the fundamental distinction between first-party insurance coverage and third-party liability coverage. I write separately to address this important distinction upon which I would address the certified question.
¶23 This Court has required the stacking of vehicle insurance coverage when the claimant is within the specific policy's definition of "insured" and when the claimant is a first party seeking to stack "personal and portable" coverages for which the claimant paid separate premiums. The instances in which this Court has required the stacking of motor vehicle coverages, despite the policies' terms providing otherwise, have been limited to first-party claimants seeking to stack uninsured motorist, underinsured motorist, and medical payment coverages. See Hardy , ¶ 42 ; Ruckdaschel v. State Farm Mut. Auto. Ins. Co. , 285 Mont. 395, 399, 948 P.2d 700, 703 (1997), superseded by statute as stated in Lierboe v. St. Farm Mut. Auto. Ins. Co. , 350 F.3d 1018, 1020 (9th Cir. 2003) ; Bennett , 261 Mont. at 388-89, 862 P.2d at 1148-49 ; Jacobson , 196 Mont. at 548, 640 P.2d at 912. The Court has never stacked third-party liability coverage because, unlike first-party coverages, third-party liability coverage is not "personal and portable." Importantly, the Court permits first-party coverages to be stacked based on the rationale that insurers may not defeat coverage that first-party insureds paid valuable consideration for and reasonably expect. On the other hand, third parties who are not named insureds have not paid for coverage and have no reasonable expectation that they should be able to stack various coverages paid for by the first party. Accordingly, this Court has never allowed stacking of third-party liability coverages. See Lierboe , ¶ 19 ;
***212 Chilberg , 273 Mont. at 418, 903 P.2d at 1380 ; Gibson , ¶ 22. The Court noted in Chilberg that the public policy rationale behind stacking was not furthered where the *389 party who would receive the stacked coverage was not the insured who paid the premiums. Chilberg , 273 Mont. at 419, 903 P.2d at 1380. There is no illusory coverage when a third party is prohibited from stacking liability coverages because a third party has no reasonable expectation that he will be able to stack liability coverages of other vehicles not involved in the accident.
¶24 In my opinion, the Court does not sufficiently address this fundamental distinction between first-party insurance coverage and third-party liability coverage. The distinction, together with a consideration of the policy's language, permits us to easily answer the certified question as presented. An insurer may not prohibit stacking when doing so would defeat coverage for which an insured paid valuable consideration. Here, the Estate of Darrell L. Ward, a third-party claimant, seeks to stack liability coverages that Melotz purchased for aircraft not involved in the accident. Because the Estate is a third-party claimant, not a named insured under the policy, it is not entitled to stack liability coverages Melotz, the first-party insured, purchased for other aircraft not involved in the accident at issue. Additionally, to the extent The Estate of Melotz, as a first party, asserts that liability coverage for aircraft not involved in the accident should be stacked with coverage purchased for N9936T, the clear language of the policy defeats any reasonable expectation that Melotz is entitled to stack coverages. The policy clearly states that liability coverage is connected only to the named aircraft. I would have determined that the certified question presented by the United States District Court does not need reformulating, as it correctly identifies the third-party nature of the Estate's claim. I otherwise concur with the Court's analysis and its ultimate holding.