**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LAUREN PAULSON, Attorney, | No. 13-35672 |
| Plaintiff - Appellant, | D.C. No. 6:13-cv-00175-AA |
| v. | |
| OREGON STATE BAR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted June 22, 2015[**]

Before:    LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

Lauren Paulson appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action challenging the constitutionality of the Oregon State

Bar's disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, *see* Fed. R. App. P. 34(a)(2), and therefore denies Paulson's request for oral argument, set forth in his opening brief.

review de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Paulson's claims for damages against Oregon Supreme Court Chief Justice Thomas Balmer, and the Oregon State Bar and its prosecutor, Jeff Sapiro, because these defendants are entitled to immunity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (state officials sued in their official capacities are entitled to Eleventh Amendment immunity); *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (a state bar association is entitled to Eleventh Amendment immunity and state bar prosecutors are entitled to quasi-judicial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Paulson is no longer a member of the Oregon State Bar and does not seek reinstatement in this appeal. Thus, the district court properly dismissed Paulson's requests for declaratory and injunctive relief because he lacked standing. *See Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001) (setting forth the requirements for Article III standing); *see also Canatella v. California*, 304 F.3d

843, 852 (9th Cir. 2002) ("In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm . . . coupled with a sufficient likelihood that he will again be wronged in a similar way." (citations and internal quotation marks omitted)).

The district court properly dismissed Paulson's class action claims because his individual claims failed. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (failure to establish individual case or controversy precludes litigant from serving as class representative).

The district court did not abuse its discretion by denying Paulson's motion for recusal because Paulson failed to establish any basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review and discussing grounds for recusal).

Paulson's request for appointment of an out-of-circuit judge in this appeal, set forth in his opening brief, is denied. *See In re Motor Fuel Temperature Sales Practices Litig.*, 711 F.3d 1050, 1052-53 (9th Cir. 2013) ("Only severe or unexpected over-burdening, as happens when a judge dies or retires,when the district is experiencing a judicial emergency or when all the judges are recused because of a conflict, will warrant bringing in a visiting judge.").

Paulson's requests for judicial notice, set forth in his opening brief, are denied.

Appellees' motion for judicial notice is granted.

We do not consider facts or documents not presented to the district court below. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**