OPINION
 

 GOULD, Circuit Judge:
 

 We decide whether to vacate a district court’s class certification following a subsequent ruling that the class’s sole named plaintiff has no cognizable claim. Because the class is inadequately represented, we vacate the class certification and remand with instructions to dismiss.
 

 I
 

 On September 9, 1996, while riding as a passenger in a Jeep Cherokee that she owned and that State Farm Mutual Automobile Insurance Company (“State Farm”) insured, Kristine Lierboe sustained serious injuries in a car accident. She alleges that her combined medical bills exceeded the Jeep policy’s medical payment coverage, which was subject to a “cap” or limit of $5,000.
 

 Lierboe sought additional coverage under a separate State Farm policy for a Dodge Dakota pickup (“Dodge”) owned by, and listing as the named insured, her closely-held business, Shining Mountain Design and Construction, Inc. The Dodge policy stated that State Farm afforded no coverage for “injury ... sustained while occupying ... a vehicle owned or leased by you or any relative, which is not insured under this coverage.” Based on that language in the policy, State Farm denied coverage.
 

 On February 2, 2001, Lierboe filed a class action in which she appeared as the only named plaintiff, seeking payments for insureds whose claims State Farm had limited by refusing to “stack” more than one policy. She argued that the alleged “anti-stacking” provision in State Farm’s Dodge policy was rendered void by a 1997 Supreme Court of Montana case,
 
 Ruckdaschel v. State Farm Mut. Auto. Ins. Co.,
 
 285 Mont. 395, 948 P.2d 700 (1997), which ruled that “[an] 'anti-stacking’ provision is unenforceable as a violation of Montana’s public policy.”
 
 [1]
 

 Id.
 
 at 702. The
 
 Ruckdaschel
 
 decision held that when two or more medical pay claims apply to a given incident (involving pedestrians or victims of accidents riding in non-owned vehicles), the insured may recover up to the limit of both policies combined. After
 
 Ruckdas-chel
 
 was issued, Montana’s Insurance Commissioner notified State Farm of the decision and required it to comply. State Farm apparently applied
 
 Ruckdaschel’s
 
 “anti-stacking” requirement only to insureds who were injured as pedestrians or while riding in a vehicle that they did not own.
 
 [2]
 

 Lierboe raised state law claims alleging breach of contract, violation of the implied covenant of good faith and fair dealing, and unfair claims practices. Lierboe also sought injunctive relief to have State Farm identify and notify all class members of them rights concerning stackable coverag
 
 *969
 
 es, and to require State Farm to pay with interest all reasonable medical expenses covered under the stackable policies. In addition, Lierboe sought punitive damages, interest, costs, and fees.
 
 [3]
 

 On June 15, 2001, State Farm moved to dismiss the complaint, arguing that Lier-boe’s case did not involve a stacking issue and that many of her claims were precluded by Montana statutory law or barred by the statute of limitations. On July 17, 2001, Lierboe moved to certify the class under Fed.R.Civ.P. 23. On November 30, 2001, the district court certified the class under Rule 23(b)(3). However, three days earlier, the district court had certified to the Supreme Court of Montana two questions of state law on which the district court sought interpretation from Montana’s highest state court. The Supreme Court of Montana ultimately addressed as dispositive one of these questions:
 

 Given the facts of this case, if Kristine Lierboe is covered under the Shining Mountain Design and Construction Inc. policy, does the anti-stacking holding in
 
 Ruckdaschel
 
 apply under the terms of the policies?
 

 While the Supreme Court of Montana considered the question certified to it, State Farm filed a timely interlocutory appeal to this court, arguing,
 
 inter alia,
 
 that Lier-boe’s claims did not meet the “predominance” and “superiority” requirements of Fed.R.Civ.P. 23(b)(3), and did not satisfy the “typicality” requirement of Rule 23(a)(3). In addition, State Farm argued that because at Lierboe’s deposition it became apparent that Lierboe was unaware that her counsel had brought her suit as a class action, she had effectively abdicated responsibility for controlling and directing the litigation on behalf of the purported class.
 

 We heard oral argument on the class certification question in June 2003 but stayed State Farm’s appeal until the Supreme Court of Montana decided the threshold question of whether Lierboe had a stacking claim under her pertinent policies.
 
 [4]
 
 In early July 2003, the Supreme Court of Montana ruled that Lierboe in fact did not have a stacking claim.
 
 See Lierboe v. State Farm Mut. Auto. Ins. Co.,
 
 316 Mont. 382, 73 P.3d 800 (2003). The Court held that Lierboe’s case involved coverage, not stacking. Because of the clear and unambiguous language of both automobiles’ policies, Lierboe’s coverage was limited to $5,000. Though Lierboe had coverage under the Jeep policy, the Supreme Court of Montana held that the “No Coverage Provision” of the Dodge policy precluded Lierboe’s recovery under that policy.
 
 Id.
 
 at 802. The Court concluded:
 

 Ruckdaschel
 
 does not apply in this case because Lierboe’s accident in her Jeep was covered only by a single policy. Therefore, there was no second covering
 
 *970
 
 policy to stack. No stacking issue exists unless there are multiple policies which actually cover the accident in question.
 

 Id.
 

 We ordered the parties to submit supplemental briefing after the Supreme Court of Montana’s ruling that Lierboe, the sole named plaintiff in the already certified class, did not have a stacking claim under
 
 Ruckdaschel.
 
 State Farm urges us to decide whether the class action could properly be certified under Rule 23(b)(3) despite the ruling that Lierboe has no claim under state law. State Farm argues that “[g]iven the likelihood that this Court will need to rule on State Farm’s (b)(3) arguments at some point — and in light of the fact that the appeal has been fully briefed and argued — it is in the interests of judicial economy and efficiency for this Court to retain jurisdiction to resolve these issues.” Lierboe’s counsel, who had initially filed the motion to intervene to guard against the possibility of a ruling adverse to Lierboe in the Supreme Court of Montana, now argues that the appeal of the class certification is moot because Lierboe has no stacking claim, and urges that we dismiss Lierboe’s appeal and remand to the district court with instructions to decertify the class.
 

 We have jurisdiction to hear Rule 23(f) appeals pursuant to 28 U.S.C. § 1292(3). Under Fed.R.Civ.P. 23(f), we are permitted to consider timely filed appeals of orders granting or denying class certification.
 

 II
 

 We turn to consideration of State Farm’s appeal of the class certification pursuant to Rule 23(f).
 
 [5]
 
 Because the Supreme Court of Montana’s decision establishes that Lierboe has no stacking claim, it is premature to assess the prerequisites of Rule 23(a) or the standards for compliance under Rule 23(b)(3), which were briefed on appeal. The issues of predominance, superiority, typicality, and other challenges to Lierboe’s class representation need not be considered if she is not in the subject class.
 

 The district court believed that “whether Lierboe has a stacking claim ... is not relevant for the purposes of class certification.” The court certified the class before the Supreme Court of Montana had ruled on whether the sole named plaintiff could even state a claim for relief.
 

 However, our law makes clear that “if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.”
 
 O’Shea v. Littleton,
 
 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). As Herbert B. Newberg explains in his seminal work on class actions, “standing is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue.” 3 Herbert B. Newberg on Class Actions § 3:19, at 400 (4th ed.2002);
 
 see also Pence v. Andrus,
 
 586 F.2d 733, 736-37 (9th Cir.1978) (“[I]n class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.”) (internal citations omitted). Stated another way, if Lierboe has no stacking claim, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail. This principle is dispositive of the
 
 *971
 
 appeal of the class certification. Because the Supreme Court of Montana has now established that Lierboe has and had no stacking claim, the district court’s certification of the class with Lierboe as its representative must be vacated.
 
 [6]
 

 Ill
 

 Having held that the class certification with Lierboe as representative must be vacated,
 
 [7]
 
 we next address the unusual procedural dilemma whether the suit must be dismissed without more, or if other proceedings may follow under which it may be possible that the suit can proceed as a class action with another representative, subject to the district court’s assessment whether a substitute representative is adequate for Rule 23 class purposes.
 

 We are mindful of judicial economy considerations, especially because an important procedural issue in this proposed class action has already been briefed, namely, whether insureds seeking to “stack” one coverage policy with another can properly proceed as a “class” of plaintiffs in light of, among other considerations, any case-by-case analysis required to compute each claimant’s necessary medical bills that are the subject of coverage. However, because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss. We are persuaded by the Seventh Circuit’s approach in an analogous case,
 
 Foster v. Center Township of LaPorte County,
 
 798 F.2d 237, 244-45 (7th Cir.1986), which held that where the sole named plaintiff “never had standing” to challenge a township’s poor-relief eligibility guidelines, and where “she never was a member of the class she was named to represent,” the case must be remanded with instructions to dismiss.
 

 IY
 

 The class certification is vacated and we remand this case with instructions to dis
 
 *972
 
 miss. The appellant is awarded costs of appeal.
 

 VACATED and REMANDED with instructions.
 

 [1]
 

 . The Montana state legislature later overruled by statute the decision in
 
 Ruckdaschel. See
 
 mont. Code Ann. § 33-23-203(1) (2000). Lierboe and the class she purports to represent seek retroactive benefits for causes of action that arose before the legislature passed the statute, effective on May 3, 1997.
 

 [2]
 

 . State Farm applied the requirement to pending cases, but did not apply it retroactively.
 

 [3]
 

 . The complaint sought relief for "[ijdentifiable insureds under [State Farm's] automobile insurance policies issued or renewed in the state of Montana prior to May 3, 1997 who a) were injured in an automobile accident; b) were insured under two or more medical pay coverages; c) incurred medical expenses exceeding at least one such medical pay coverage; [and] d) did not receive medical payments under the other stackable medical pay coverages.”
 

 [4]
 

 . Two months before oral argument, Lier-boe’s counsel filed in district court a motion to intervene, on behalf of new plaintiffs and potential class representatives whose claims, counsel alleged, would be unaffected by the outcome of the Supreme Court of Montana's ruling on Lierboe’s stacking claim. Unlike Kristine Lierboe, the named parties who sought by motion to intervene as plaintiffs were allegedly injured either as pedestrians or while occupying non-owned vehicles. The district court has deferred ruling on the motion to intervene pending our decision here.
 

 [5]
 

 . We review a district court's decision regarding class certification for an abuse of discretion.
 
 Zinser v. Accufix Research Inst., Inc.,
 
 253 F.3d 1180, 1186 (9th Cir.2001),
 
 amended by
 
 273 F.3d 1266 (9th Cir.2001).
 

 [6]
 

 . In this unusual context, it would be better procedure for the district court to defer ruling on the class certification until making a decision whether the purported class representative can state a claim within the asserted class. If Lierboe initially had a viable stacking claim that later became moot, then our law in an appropriate case would permit substituting proper class representatives to allow the suit to proceed.
 
 See, e.g., Kuahulu v. Employers Ins. of Wausau,
 
 557 F.2d 1334, 1336-37 (9th Cir.1977) ("If the district court had certified appellant's class prior to appellant’s own claim[ ] becoming moot, we would not dismiss this appeal for mootness. In such a case, remand to the district court would be appropriate in order to determine whether a substitute representative would be available.”). Lierboe’s stacking claim, however, was not rejected by the Supreme Court of Montana on grounds that it had become moot. Instead, the Supreme Court of Montana held that Lierboe had no stacking claim from the outset of her litigation, because the unambiguous language of Lierboe's auto insurance policies made clear that coverage, not a rule against stacking, precluded her unhonored claim on the Dodge policy.
 

 [7]
 

 . By letter of November 3, 2003, State Farm's counsel advised us that, after the Supreme Court of Montana's ruling, Lierboe’s counsel filed a motion to decertify the class, which the district court denied, relying on cases holding that as long as the initial certification was proper, a court need not decertify the class if it turns out that the representative is no longer a member of the certified class. See, e.g.
 
 E. Tex. Motor Freight Sys., Inc. v. Rodriguez,
 
 431 U.S. 395, 406 n. 12, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977);
 
 Gluth v. Rangas,
 
 951 F.2d 1504, 1509 (9th Cir.1991). Putting aside whether the district court had jurisdiction to rule on this motion in light of the pending appeal,
 
 see generally Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (filing a notice of appeal divests a district court of control over aspects of the case involved in the appeal), the district court’s ruling denying decertification is not before us at this time and in any event is rendered moot by our decision in this case to vacate the class certification.