**NOT FOR PUBLICATION**

DEC 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDIA MORENO,<br><br>       Plaintiff,<br><br>  and<br><br>MICHELE MEDRANO, individually, and on behalf of all persons similarly situated,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>AUTOZONE, INC., a Nevada corporation,<br><br>       Defendant - Appellee. | No. 09-17503<br><br>D.C. No. 3:05-cv-04432-CRB<br><br><br>MEMORANDUM[*] |
| CLAUDIA MORENO, individually, and on behalf of all persons similarly situated,<br><br>       Plaintiff,<br><br>  and<br><br>MICHELE MEDRANO, individually, and on behalf of all persons similarly situated, | No. 09-17629<br><br>D.C. No. 3:05-cv-04432-CRB |

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff - Appellee,

v.

AUTOZONE, INC., a Nevada corporation,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 8, 2010[**]
San Francisco, California

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

Michele Medrano, a former employee of AutoZone, Inc., is the sole remaining plaintiff in this suit concerning AutoZone's wage and hour practices. As part of an order dismissing Medrano's remaining claims, the district court granted summary judgment to AutoZone on Medrano's individual claim that AutoZone did not timely issue her final paycheck. The district court then vacated its prior order certifying a class of former AutoZone employees who had received

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

untimely final paychecks and dismissed the claim without allowing the substitution of a new named plaintiff.[1]

Medrano's final paycheck claim implicates California Labor Code § 202(a), which provides that when an employee quits without notice, "his or her wages shall become due and payable not later than 72 hours thereafter." Payment of these wages is to be made "at the office or agency of the employer in the county where the employee has been performing labor." Id. § 208. Penalty wages accrue "[i]f an employer willfully fails to pay" the final paycheck in the time period proscribed, except when the employee "secretes or absents himself or herself to avoid payment" or "refuses to receive the payment when fully tendered." Id. § 203(a).

Medrano argues on appeal that she is entitled to penalty wages because, although she quit her job with AutoZone without notice on April 15, 2005, AutoZone did not issue her final paycheck until April 29. We do not doubt that AutoZone would be liable for penalty wages under § 203(a) if Medrano had

---

[1] We previously ordered Medrano to file a letter brief addressing the district court's subject matter jurisdiction over this case and prima facie proof of AutoZone's principal place of business. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1147-48 (9th Cir. 1998) (discussing a similar order). In light of the evidence Medrano submitted, we are satisfied that jurisdiction was proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3

returned to the store 72 hours after she quit only to discover that her final paycheck was not yet ready. Medrano concedes, however, that California law imposed a duty on her to return to the AutoZone store where she worked in order to collect that paycheck. She also concedes that she did not do so until after April 29, and that when she eventually did return to the store, she received her final paycheck immediately upon demand. There was thus no period of time after Medrano fulfilled her self-recognized duty in which AutoZone "willfully fail[ed] to pay" Medrano's wages. The district court accordingly did not err in granting summary judgment to AutoZone on Medrano's individual claim.

Because Medrano never had a cognizable late paycheck claim against AutoZone, "she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." Lierboe v. State Farm Mut. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003). As a result, "certification of the class with [Medrano] as its representative must be vacated," and substitution of a new named plaintiff is not required. See id. at 1023. The district court did not err in dismissing the final paycheck claim.

Because we affirm the district court's decision to vacate its prior class certification, we do not consider the alternate grounds for vacatur presented by

4

AutoZone's cross-appeal, which is now moot. We also deny as moot Medrano's motion for judicial notice.

**AFFIRMED.**