**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA FLORES, individually, and on behalf of other members of the general public similarly situated, | No. 11-56075 |
| | D.C. No. 2:07-cv-05326-JHN-E |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| SUPERVALU, INC., et al. | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. NGUYEN, District Judge, Presiding

Submitted February 7, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Cynthia Flores appeals the district court's denial of class certification for three

subclasses of employees whom she claims suffered because of her employer's alleged

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations of California law. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. [1]

1. The district court appropriately concluded that Flores failed to establish that "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), as to the proposed meal break and rest break subclasses. Flores claimed that although her employer's written meal and rest break policies were facially lawful, the demeanor of some supervisors implicitly compelled employees to forego or interrupt breaks to help customers. The district court correctly found that this claim required examination of "a number of human factors and individual idiosyncrasies" having "little to do with an overarching policy," and thus failed to satisfy Rule 23(b)(3). *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009) (holding that class certification may be denied when "a fact-intensive inquiry into each potential plaintiff's employment situation" is required) (internal quotation marks omitted). Flores's claim that the district court abused its discretion in disallowing statistical studies and surveys also fails because the district court could reasonably conclude that in light of the

---

[1] Flores's briefs make no argument about the dismissal of her claims against Save Mart and Lucky Stores. She has thus waived any attack on that portion of the judgment. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

idiosyncratic conduct Flores described, Flores could not prove the employer's liability through extrapolation from statistics.

2. The district court did not abuse its discretion in denying the motion for class certification of the overtime compensation ("regular rate") subclass because Flores, having never been denied appropriate overtime compensation, was not a member of that class and therefore did not have standing. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (stating that "if none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

3. We decline Flores's invitation to remand in light of *Brinker Restaurant Corp. v. Superior Court*, 273 P.3d 513 (Cal. 2012). The denial of class certification did not turn on the substantive California employment law issues addressed in *Brinker*. "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (internal quotation marks omitted). Even if substantive law were implicated, *Brinker*'s holding, that an employer must provide meal breaks but "need not ensure that no work is done," *see id.* at 521, does not weigh in favor of

3

concluding that the meal and rest break subclasses should be certified.  Therefore, remand is unnecessary.

**AFFIRMED.**