**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA A. PLUMLEE, an individual on behalf of herself and all other persons similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PFIZER, INC., a New York corporation, <br><br> Defendant-Appellee. | No.  14-16924 <br><br> D.C. No. 5:13-cv-00414-LHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Laura Plumlee appeals the dismissal with prejudice of her First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court dismissed Plumlee's First Amended Complaint with prejudice because her claims were time-barred under the three- and four-year statutes of limitations applicable to her claims. On appeal, Plumlee alleges that she did not learn of Pfizer's alleged misrepresentations concerning Zoloft's efficacy until May 2012, and that her delayed discovery of Pfizer's alleged misrepresentations extends the statute of limitations applicable to her claims under the "discovery rule." Under California law, the discovery rule delays accrual of claims only when a plaintiff has no reason to suspect wrongdoing and can not discover his or her claims with reasonable diligence. *See, e.g.*, *Norgart v. Upjohn Co.*, 981 P.2d 79, 88–89 (Cal. 1999).

The discovery rule does not extend the statutes of limitations applicable to Plumlee's otherwise time-barred claims. Plumlee alleged that she stopped taking Zoloft's generic equivalent in June 2008 because she believed it was ineffective for treating her depression, contrary to Pfizer's representations. The district court did not err in determining that Plumlee therefore had "reason to suspect an injury and

some wrongful cause" such that she had inquiry notice by June 2008. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917, 920 (Cal. 2005).

Plumlee did not sue Pfizer until January 2013, more than four years after she had reason to suspect wrongdoing on Pfizer's part. Therefore, to delay accrual of her otherwise time-barred claims under the discovery rule, Plumlee needed to allege that she exercised reasonable diligence to discover the factual bases for her claims within the three- and four-year limitations periods beginning in June 2008 and that she was unable to discover the factual bases for her claims, despite her reasonable diligence. *See Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1159 (Cal. 2007) ("[A] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." (internal quotations and citations omitted)). Although Plumlee alleged the "time and manner of discovery" of the factual bases of her claims—Plumlee alleged she first discovered the bases for her claims when she watched a *60 Minutes* rerun discussing Zoloft's alleged ineffectiveness in May 2012—Plumlee failed to allege any facts that she was unable to discover the factual bases of her claims earlier despite exercising reasonable diligence. *Id.* In fact, Plumlee failed to allege any facts that she

3

exercised any diligence at all to discover the factual bases of her claims between June 2008 and May 2012.[1] Under the discovery rule, Plumlee's failure to allege any facts that she exercised reasonable diligence between June 2008 and May 2012, or that she was unable to discover the factual bases for her claims between June 2008 and May 2012 despite exercising reasonable diligence, constitutes a sufficient basis for affirming the district court's dismissal with prejudice of her First Amended Complaint. *Id.*

On appeal, Plumlee argues that even had she exercised reasonable diligence to discover the factual bases of her claims during the applicable limitations periods, she would not have discovered any information concerning Zoloft's alleged ineffectiveness because no information criticizing Zoloft's efficacy existed to which a reasonably diligent consumer would have been exposed. However, the district court took judicial notice of an extensive record of documents—all publicly available during the relevant limitations periods—which discussed Pfizer's unpublished clinical trials and the allegation that Zoloft was no more effective than a placebo. The district court did not err in taking judicial notice of these

---

[1] Of course, had Plumlee filed an action any time during the remainder of May 2012, she well might have timely commenced an action for the claims with four-year statutes of limitations. However, Plumlee failed to do so, and instead waited to file her action until January 2013.

documents. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (holding that a court may take judicial notice of publications to establish what was in the public realm at the time); *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (stating that, although courts are required to accept as true well-pleaded allegations of material fact, courts are not "required to accept as true allegations that contradict . . . matters properly subject to judicial notice . . ." (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010))). The judicially noticed documents either identified Zoloft specifically or referred to antidepressants generally, just as the *60 Minutes* segment that Plumlee alleges to have imparted notice did. Therefore, the district court properly rejected Plumlee's allegation that no information questioning Zoloft's efficacy existed within the three- and four-year limitations periods beginning in June 2008 to which a reasonably diligent consumer would have been exposed. *Seven Arts Filmed Entm't Ltd.*, 733 F.3d at 1254.

Because Plumlee's individual claims are time-barred, she cannot serve as a class representative. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

The district court also did not abuse its discretion in dismissing Plumlee's claims with prejudice. A district court does not abuse its discretion when it denies leave to amend because the plaintiff "did not propose any new facts or legal theories for an amended complaint and therefore gave the [c]ourt no basis to allow an amendment." *See Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). The district court warned Plumlee that failure to cure the deficiencies in her original complaint would result in a dismissal with prejudice. In her First Amended Complaint, Plumlee again failed to plead any facts establishing that she exercised reasonable diligence to discover the factual bases of her claims during the applicable limitations periods, or that she would be able to cure this deficiency with additional facts. Therefore, we conclude that the district court did not abuse its discretion in dismissing Plumlee's First Amended Complaint with prejudice.

**AFFIRMED.**