**NOT FOR PUBLICATION**

# FILED

AUG 06 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL COGHLAN CARTER, next friend of A.D., C.C., L..G. and C.R., minors  next friend of A.D. next friend of C.C. next friend of L.G. next friend of C.R.; et al., <br><br>             Plaintiffs-Appellants, <br><br> v. <br><br> JOHN TAHSUDA, in his official capacity as Assistant Secretary of Bureau of Indian Affairs; et al., <br><br>             Defendants-Appellees, <br><br> GILA RIVER INDIAN COMMUNITY and NAVAJO NATION, <br><br>             Intervenor-Defendants-Appellees. | No.    17-15839 <br><br> D.C. No. 2:15-cv-01259-NVW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 13, 2018

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before:  SCHROEDER, EBEL,[**] and OWENS, Circuit Judges.

Plaintiffs-Appellants include Indian children, their adoptive parents and next friends.  They filed this action in the United States District Court in Arizona against the Assistant Secretary of Indian Affairs for the Bureau of Indian Affairs, the United States Secretary of the Interior, and the Director of the Arizona Department of Child Safety, seeking to challenge the constitutionality of various provisions of the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 *et seq.* The Gila River Indian Community and the Navajo Nation intervened to defend the constitutionality of the Act.  The district court concluded Plaintiffs lack Article III standing.  Plaintiffs appeal from this dismissal.  We hold this action is now moot.

Adoption proceedings were pending at all times during the litigation in the district court.  Defendants moved to dismiss the action, contending that Plaintiffs lacked Article III standing and could not state a constitutional claim upon which relief could be granted.  The district court examined the complaint with respect to each of the challenged provisions and ruled that Plaintiffs lacked standing because none had been harmed by any conduct traceable to ICWA.

---

[**]    The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

We do not reach the standing inquiry, however, because a subsequent development has rendered this action moot.  Plaintiffs have never suggested they suffered any economic damages.  Their original complaint sought only declaratory and injunctive relief relating to ICWA's application to their adoption proceedings.  While Plaintiffs' appeal from the district court's dismissal was going forward, however, Plaintiffs' adoptions all became final.  The relief Plaintiffs sought to redress their alleged injuries is no longer available to them.

Appellees argue, and we agree, that the case is therefore now moot.  The named plaintiffs are no longer subject to ICWA, and they do not allege that they will be in the imminent future.  *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864–68 (9th Cir. 2017).  Plaintiffs counter that there will be members of a yet-to-be-certified class that have redressable claims, but this argument is unavailing.  At least one named plaintiff must present a justiciable claim unless an exception applies.  *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022–23 (9th Cir. 2003).  None of these Plaintiffs do, and no exception applies here, *cf. Pitts v. Terrible Herst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011).

Plaintiffs' suggestion that their belated addition of a claim for nominal damages saves the case from mootness fails.  While Plaintiffs were still in the

district court, they had seen the possibility that all their claims for injunctive and declaratory relief could become moot, so they filed an amended complaint adding a claim for nominal damages under Title VI of the Civil Rights Act against the Director of Arizona's Department of Child Safety. The Supreme Court has admonished this Court that "a claim for nominal damages . . . asserted solely to avoid otherwise certain mootness, b[ears] close inspection." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997).

Here the claim does not survive such inspection. Plaintiffs have never alleged actual or punitive damages. They can cite no case supporting the proposition that a claim for nominal damages, tacked on solely to rescue the case from mootness, renders a case justiciable. *See id.* at 68–71. Plaintiffs cite *Bernhardt v. County of Los Angeles*, 279 F.3d 862 (9th Cir. 2002), where, in addition to mooted claims for injunctive relief, the original complaint alleged claims for compensatory and punitive damages. *Id.* at 872. We said in *Bernhardt* that the possibility of nominal damages avoided mootness of the entire case, *see id.* at 872–73, but there was no belated claim asserted solely to avoid mootness as there was in this case, and which the Supreme Court frowned upon in *Arizonans for Official English*.

We vacate the district court's judgment dismissing for lack of standing and remand to the district court with instructions to dismiss the action as moot.

**VACATED AND REMANDED.**