NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRSAD HAJRO; JAMES R. MAYOCK, | No. 17-15984 |
| Plaintiffs-Appellants, | D.C. No. 5:08-cv-01350-NC |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; T. DIANE CEJKA, Director, USCIS National Records Center; ROSEMARY MELVILLE, USCIS District Director of San Francisco; KIRSTJEN M. NIELSEN, Secretary, Department of Homeland Security; MATTHEW WHITAKER, acting Attorney General, Department of Justice, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted November 14, 2018[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, M. SMITH, Circuit Judge, and BUCKLO,[***] District Judge.

In a previous iteration of this case before our court, Defendants-Appellees United States Citizenship and Immigration Services and federal officer co-defendants (USCIS) appealed the district court's decision in favor of Plaintiffs-Appellants Mirsad Hajro and James Mayock. The prior panel reversed and remanded in part. *Hajro v. USCIS*, 811 F.3d 1086, 1108 (9th Cir. 2015). On remand, the district court granted summary judgment to USCIS. Appellants now challenge the district court's denial of their second motion to amend their complaint by substituting plaintiffs under Federal Rule of Civil Procedure 17 (SAC) and the dismissal of their pattern or practice claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in concluding that Mayock lacked standing to bring a pattern or practice claim. In its opinion, the prior panel clarified the requirements to establish an injury in fact sufficient to confer standing for a Freedom of Information Act (FOIA) pattern or practice claim. *Id.* at 1103. The prior panel held that Mayock had not satisfied the second and third prongs of that rule. *Id.* at 1106. It remanded the case with instructions that Mayock "must show that he personally filed a request, and that request was delayed" in order to

*** The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

2

establish personal harm under the second prong. *Id.*; *see also id.* ("Mayock must prove that *he* was a requester subject to delayed FOIA requests at the time he filed his complaint."). Because Mayock failed to submit evidence demonstrating that he had submitted a FOIA request when Plaintiffs' complaint or amended complaint were filed, he did not show that he was personally harmed by USCIS's alleged FOIA violations.

Appellants' argument does more to hurt than help their cause. They contend that Mayock's declaration, which "confirm[s] that Mayock has filed FOIA requests and that USCIS has never produced the records within the statutory time framework," demonstrates that Mayock was personally harmed. That declaration, however, is the same declaration that the prior panel rejected as "insufficient" to confer standing on Mayock. *Id.* at 1106 & n.16. Whatever salience the adage "if at first you don't succeed—try, try again" has in daily life, expecting identical arguments to yield different results is a poor strategy for success in our court. *Cf. S. Dakota v. Wayfair*, 138 S. Ct. 2080, 2102 (2018) (Roberts, C.J., dissenting).

2. The district court did not abuse its discretion when it denied Appellants' SAC. Generally, when a plaintiff's claims no longer present an active, ongoing controversy, the court "must dismiss the case as moot, because '[w]e do not have the constitutional authority to decide moot cases.'" *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011) (citations omitted) (quoting *Foster v. Carson*,

3

347 F.3d 742, 747 (9th Cir. 2003)).  A narrow exception to this general rule applies in class actions—an Article III case or controversy "may exist . . . between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot."  *Sosna v. Iowa*, 419 U.S. 393, 402 (1975).  Relying on this exception, Appellants cite two district court cases to support their argument that, because Hajro had standing to bring the pattern or practice claim before his claim became moot, the district court ought to have allowed Appellants to substitute plaintiffs.  *See Long v. Ingenio, Inc.*, No. 10-cv-05761-RS, 2015 WL 4760377, at *5 n.5 (N.D. Cal. Aug. 12, 2015); *Hensley–Maclean v. Safeway, Inc.*, No. 11–CV–01230–RS, 2015 WL 3956099, at *3 (N.D. Cal. June 29, 2015).

That argument fails, however, because Appellants did not bring this case as a class action.  The operative complaint is on behalf of Hajro and Mayock. Although Appellants' SAC sought to turn the action into a class action, that effort came too late.  When Appellants filed their SAC, neither Hajro nor Mayock had standing to bring any claims.  The district court could not grant any motions brought by plaintiffs who lacked a legally cognizable interest in the relief they were seeking; it was required to deny Appellants' SAC and dismiss the claim.

Because Appellants' pattern or practice claim was not brought as a class action, the district court erred by resting its decision to deny Appellants' SAC

solely on *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003). *Lierboe* involved a class action and thus is distinct from this case. *Lierboe* is also distinct because it involved only one named plaintiff who lacked standing from the start of the suit, whereas this case involves two plaintiffs, one of whom had standing at the start of the suit. Nevertheless, because the district court correctly denied Appellants' SAC, we affirm. *See Alcaraz v. Block*, 746 F.2d 593, 602 (9th Cir. 1984) ("We will affirm the district court's correct legal results, even if reached for the wrong reasons.").

**AFFIRMED.**