NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIN SOOK SHIN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>UMEKEN USA, INC.; BRIAN HAN, individually,<br><br>        Defendants-Appellees. | No.   17-56767<br><br>D.C. No.<br>8:17-cv-00315-CJC-SS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 15, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,** District Judge.

Min Sook Shin appeals the district court's dismissal of her complaint with

prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  On behalf

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

of a putative class, Shin alleges that Umeken USA, Inc. (Umeken) violated California and federal law by deceptively and unlawfully advertising its purported dietary supplements. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal de novo, *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018), and its denial of leave to amend for abuse of discretion, *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). We affirm.

1. The district court properly dismissed Shin's claims seeking injunctive relief for lack of Article III standing. *See Davidson*, 889 F.3d at 969–70. "[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling" if "the consumer may suffer an 'actual and imminent . . . ' threat of future harm." *Id.* at 969. Shin, however, expressly alleged that Umeken's products were "worthless." As the district court reasoned, "a plaintiff certainly will not purchase a worthless product in the future."

2. The district court properly dismissed Shin's breach of warranty claim under the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301–2312. Shin purports to bring an MMWA implied warranty claim, but the claim relies upon facts stated in Umeken's *written* statements. The federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. §§ 301–399i, not the MMWA, governs "the making or content of" written warranties on Umeken's products. 15 U.S.C.

2

§ 2311(d); *see* 21 U.S.C. § 343 (FDCA labeling regulations). Thus, Shin's MMWA claim fails.

3. Shin's claim that Umeken made unlawful "disease" representations in violation of 21 C.F.R. § 101.93 and, by extension, the California Sherman Law[1] also fails. The skin health-related statements concerning C-Balance (Chewable) are not "disease" claims but permissible "structure/function" statements. *See* 21 U.S.C. § 343(r)(6); 21 C.F.R. § 101.93(f). The FDA has explicitly recognized statements concerning "wrinkles" and "other signs of aging on the skin, e.g., liver spots," as "examples of conditions about which structure/function claims could be made." Regulations on Statements Made for Dietary Supplements Concerning the Effect of the Product on the Structure or Function of the Body, 65 Fed. Reg. 1000, 1020 (2000). That skin cancer or dermatological disease could cause skin spots does not transform these statements into disease claims.

As for the challenged Pomegranate Balls CoQ10 "disease" claims, Shin fails to attribute these claims to Umeken. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997) (holding that defendants cannot be liable for false advertising when they were not "responsible for disseminating the

---

[1] The California Sherman Law incorporates federal labeling requirements under the FDCA into state law. *See* Cal. Health & Safety Code § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act . . . shall be the food labeling regulations of this state.").

offending advertisements"). The alleged Pomegranate Balls CoQ10 "disease" claims appear not on Umeken's website but on a third-party website. Shin attempts to tie Umeken to the third-party website, but her allegation that the appearance of Umeken's name, address, and the title of an Umeken "information booklet" on the third-party website means that Umeken is responsible for statements on the website is implausible.

4. The district court also correctly determined that Shin's allegations, which assert "a unified fraudulent course of conduct," fail to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Shin insufficiently pled her claims that Umeken's advertising statements are false and misleading because she makes conclusory statements that Umeken's products did not work as advertised, rather than describing with the requisite specificity how or why the advertising is false. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (explaining that "mere conclusory allegations of fraud are insufficient" as a defendant cannot adequately answer such allegations); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Shin also inadequately pled her deceptive labeling and advertising claims under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200–17210. Shin alleges that she was harmed by defective disclaimers

accompanying Umeken's advertising claims, not because the disclaimers themselves are false or misleading, but because their "inconspicuous" nature rendered the underlying advertising claims false or misleading. *See* 21 C.F.R. § 101.93(d), (e). But Shin fails to describe with the requisite particularity how any defect in Umeken's disclaimers makes its other advertising claims misleading. Nor does she describe with any particularity which of Umeken's statements misled her to believe that "credible governmental authorities, such as the FDA" endorsed Umeken's products or, indeed, how a defect-free disclaimer would have clarified this mistaken belief. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161–62 (9th Cir. 2012) (affirming dismissal of false advertising claim alleging that a credit card advertisement was misleading for failing to explicitly disclose the existence of an annual fee because "no reasonable consumer could have believed that if an annual fee was not mentioned, it must not exist").

5. Shin's civil RICO claim likewise fails to state with particularity Umeken CEO Brian Han's alleged acts of mail and wire fraud. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). The only factual allegation Shin makes is that because "Defendant HAN is the Chief Executive Office[r], the Secretary, the Director, and the Agent for Service of Process," he must have "exercised substantial control" over Umeken's marketing and advertising materials. This bare-bones recital, without more, fails to sufficiently

5

allege the factual circumstances of the alleged mail and wire fraud.

6. Because the district court properly dismissed Shin's individual claims, Shin lacks standing to pursue class claims. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022–23 (9th Cir. 2003) (holding that if a plaintiff has no individual claim for relief, she cannot serve as a representative of a class who may have such a claim). Accordingly, whether Shin has standing to pursue claims on behalf of a class for Umeken products she did not purchase is moot.

7. Shin waived any argument that she is entitled leave to amend her complaint a third time because she failed to raise it in her opening brief. *See Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1167 (9th Cir. 2019).

**AFFIRMED.**