NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. J. REYES, on behalf of himself, and all others similarly situated,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant-Appellant. | No.   17-56930<br><br>D.C. No. 3:15-cv-00628-BAS-AGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted July 8, 2019
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and AMON,** District Judge.

Educational Credit Management Corporation ("ECMC") appeals the district

court's order certifying a class action brought by named plaintiff A.J. Reyes.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Reyes alleges that ECMC unlawfully recorded some of his and other class members' cellular telephone conversations with ECMC in violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq*. Because we hold that the district court abused its discretion in certifying the class without resolving whether Reyes heard ECMC's warning that his call would be recorded and thus consented to such recording, we vacate the class certification order and remand to the district court for further proceedings.

Before certification, the district court "must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001) (quoting *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996)). As part of this inquiry, the district court has an obligation to ensure that the named plaintiff is a member of the class he seeks to represent, which sometimes involves delving into the merits to resolve factual disputes to the extent necessary to determine whether the Rule 23 elements have been met. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982). Because a class action cannot go forward without a named plaintiff, a putative class action lacking an appropriate named plaintiff should be dismissed. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (dismissing a class action because the named plaintiff lacked a

2

cognizable claim under state law and therefore could not represent the class); *see also NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) (reaffirming *Lierboe*).

Here, the district court certified a class of callers who were recorded by ECMC without consent. But the court then did not decide whether Reyes heard the warning that the call was being recorded, which, under state law, plainly would constitute consent to recording. *See Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 930 (Cal. 2006) ("A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate" CIPA's prohibition on recording telephone conversations.). Consequently, it is not clear that Reyes is a member of the class he seeks to represent or has a CIPA claim at all. We therefore vacate and remand so the district court may determine whether Reyes has met his burden of proving that he did not hear the recording warning.[1] If he did hear the warning, he cannot be a member of the class as currently defined and the lawsuit should be dismissed. *See Lierboe*, 350 F.3d at 1023.

---

[1] It appears that, under California law, the plaintiff bringing a CIPA claim has the burden to prove that the defendant lacked consent to record. *See* Judicial Council of Cal. Civil Jury Instruction 1809 (Pen. Code §§ 632, 637.2) (Mar. 2019) ("To establish this claim, [*name of plaintiff*] must prove… [t]hat [*name of defendant*] did not have the consent of all parties to the conversation to [eavesdrop on/record] it." (first and fourth alterations in original)).

The district court's class certification order is **VACATED** and

**REMANDED** for further proceedings.