**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TISHA CASTILLO, et al., on behalf of themselves and others similarly situated,

Plaintiffs-Appellees,

v.

GEORGE HARRY JOHNSON, et al.,

Defendants-Appellants.

No.   20-15814

D.C. No. 17-04688-PHX-DLR

MEMORANDUM*

Appeal from the United States District Court
For the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 4, 2021
Phoenix, Arizona

Before:  BEA and BUMATAY, Circuit Judges, and CARDONE,** District Judge.

Johnson Utilities, owner George Johnson, lobbyist James Norton, and

related defendants ("Appellants") appeal the certification of a class of Johnson

Utilities water and wastewater services ratepayers who claim they were improperly

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

overcharged from October 2011 onward. In the underlying action, ratepayers Tisha Castillo, Karen Christian, and Steve Pratt allege on behalf of themselves and the certified class that Appellants bribed the former Chairman of the Arizona Corporation Commission ("ACC") to induce the state ratemaking agency to approve inflated rates for Johnson Utilities that largely remain in effect today. The district court certified the ratepayers' class pursuant to Federal Rule of Civil Procedure 23(b)(3) because the common issues raised by the class' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Arizona law predominated over individual questions. We have jurisdiction under 28 U.S.C. § 1292(e) and Rule 23(f) and review the district court's class certification order for an abuse of discretion. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1275 (9th Cir. 2019). For the following reasons, we affirm.

The party seeking class certification under Rule 23(b)(3) must "affirmatively demonstrate" the proposed class shares a common theory of liability as to each element of the cause of action. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Because damages often vary among class members, the party seeking certification must develop a method for calculating damages on a class-wide basis that is reasonably administrable and "consistent with its liability case." *Id.* at 35 (citation omitted). Here, the district court did not abuse its discretion in determining the ratepayers

2

demonstrated compliance with the predominance requirement of Rule 23(b)(3).

First, the ratepayers' damages model—that each class member is owed the difference between the allegedly inflated rates paid and the fair rates each would have paid but for Appellants' alleged bribery scheme—is reasonably administrable. Individual class members purchased different volumes of water and wastewater services from Johnson Utilities across different timeframes within the class period. But each class member's damages may easily be calculated using simple arithmetic because the alleged increase in monthly rates applies class wide. As we have repeatedly explained, "the need for individualized findings as to the amount of damages does not defeat class certification." *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016); *see also Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).

Second, the ratepayers' damages model is consistent with their theory of liability—that Appellants' alleged bribery scheme induced the ACC to approve higher rates for Johnson Utilities than would otherwise have been permitted. As alleged, the same course of conduct on the part of Appellants caused each class member to suffer the same legally cognizable injury. Whether the ratepayers will be able to prove Appellants' alleged bribery scheme caused the ACC to approve increased rates for Johnson Utilities is a question for another day. It is enough for the purposes of this interlocutory class certification appeal that the ratepayers

3

"demonstrated the nexus between [their] legal theory… and [their] damages model." *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 821 (9th Cir. 2019); *cf. Comcast*, 569 U.S. at 36 (reversing class certification because the plaintiffs' damages model reflected theories of liability not common to the class).

Appellants argue class certification was improper because the Supreme Court's decision in *Comcast* interpreted Rule 23(b)(3) as requiring plaintiffs to demonstrate their damages model is "legally valid." The ratepayers class failed to meet this requirement, Appellants maintain, because their class claims are barred by the "filed rate" doctrine, a common law rule that bars suits against regulated entities for charging rates validly approved by a public ratemaking agency. *See Maislin Indus., U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 127 (1990); *Keogh v. Chi. & Nw. Ry. Co.*, 260 U.S. 156, 161–65 (1922).

This argument misunderstands the Rule 23(b)(3) predominance inquiry. Nothing in the Supreme Court's decision in *Comcast* suggests plaintiffs must demonstrate their allegations are "legally valid" at the class certification stage. *Comcast* held only that Rule 23(b)(3) requires that "any model supporting a plaintiff's damages case must be consistent with its liability case" and must avoid "identif[ying] damages that are not the result of the wrong." 569 U.S. at 35, 37 (citation and quotation marks omitted); *see also Nguyen*, 932 F.3d at 821 (assessing the "nexus" between liability and damages theories and noting the

4

accuracy of allegations is a "merits inquir[y] unrelated to class certification").

Indeed, the existence of a common defense fatal to the claims of each member of the putative class tends to prove certification is proper because common issues predominate. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 457 (2016) ("When, as here, the concern about the proposed class is not that it exhibits … a fatal similarity—[an alleged] failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification." (citation and quotation marks omitted)).

To be clear, our decision to affirm the grant of class certification in this case should not be read as opining on the merits of Appellants' "filed rate" defense. The district court denied Appellants' motion to dismiss under the "filed rate" doctrine. Appellants did not seek interlocutory review of that decision under 28 U.S.C. § 1292(b). Review of class certification via a Rule 23(f) petition is not the correct mechanism to appeal the denial of a motion to dismiss.[1] Appellants may

---

[1] Dismissal would nevertheless be required on appeal from class certification if the "filed rate" doctrine deprived the named plaintiffs of Article III standing. In the Rule 23 context, as in any other, "[t]he federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737, 742 (1995); *see, e.g.*, *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022–23 (9th Cir. 2003). Precedent is clear, however, that the "filed rate" doctrine deprives would-be plaintiffs of a meritorious cause of action rather than stripping them of Article III standing. *See Montana-Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 255 (1951) (rejecting the lower court's dismissal of a case under the "filed rate" doctrine for lack of jurisdiction and dismissing the case instead for failure to state a claim); *E. & J. Gallo Winery v. EnCana Corp.*, 503

raise their "filed rate" defense in a motion for summary judgment and, if necessary, seek to appeal an adverse decision at that juncture. *See id.*; *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1166 n.5 (9th Cir. 2014) (noting that merits arguments against class-wide liability should be made in a summary judgment motion or at trial).

**AFFIRMED.**

---

F.3d 1027, 1039 n.11 (9th Cir. 2007) (describing the "filed rate" doctrine as an "affirmative defense").