**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DW AINA LE'A DEVELOPMENT, LLC,

Plaintiff-Appellant,

v.

STATE OF HAWAII LAND USE
COMMISSION; STATE OF HAWAII;
DOES, Governmental Units, 1-10,

Defendants-Appellees.

No.  22-15858

D.C. No.
1:17-cv-00113-SOM-WRP

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted February 15, 2023
Honolulu, Hawaii

Before:  BEA, COLLINS, and LEE, Circuit Judges.
Concurrence by Judge COLLINS.

This appeal concerns an alleged temporary regulatory taking that occurred

after the State of Hawaii's Land Use Commission (LUC) ordered a land parcel

reverted from its urban classification to its original agricultural use.  The district

court granted the government's motion for summary judgment because the

---

\*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appellant, DW Aina Le'a Development, LLC, lacked Article III standing. The district court also denied DW's motion for leave to amend, precluding the addition of Aina Le'a, LLC—DW's subsidiary—as a party. We reverse and remand.

The district court erred by concluding that DW lacked Article III standing. DW holds an unsecured note that obligates Aina Le'a to pay DW $17 million after the sale of the residential portion of the property. DW adequately established that the government's reversion order affected the value of the unsecured note, which is sufficient for Article III standing.

**REVERSED and REMANDED**

FILED

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in the judgment:

I agree that the judgment against DW Aina Le'a Development, LLC ("DW") should be reversed, but I would rest that conclusion on different grounds.

Although packaged in Article III garb, the district court's analysis necessarily rested on its conclusions as to who is the holder of the relevant rights under state law. In rejecting DW's reliance on an alleged $17 million obligation, the district court held that this asserted obligation, at most, made DW a general creditor of Aina Le'a LLC ("Aina Le'a") and that "DW has not cited any authority suggesting that general creditors have standing to assert *claims owned by their debtors*" (emphasis added). The court's reasoning thus rested dispositively on its conclusion that, by virtue of an asserted assignment recognized and confirmed in the bankruptcy plan, Aina Le'a owned the relevant claim, *viz.*, those claims that were or could be asserted by DW in "Case No. 17-1-030[4]-02-KTN" in the "Circuit Court of the First Circuit of the State of Hawaii"—which is this now-removed federal court action. *In re Aina Le'a, Inc.*, 2019 WL 2274909, at *58 (Bankr. D. Haw. 2019) (confirming bankruptcy plan). To say, as the majority does, that DW has an injury-in-fact due to the *impact* on the asserted $17 million obligation is not entirely responsive to the district court's reasoning, which is that DW did not own the underlying claim. The district court did not seem to deny that

there might be some derivative effect on DW; its point was that this is not the sort of injury that confers any right to sue on DW.  This reasoning rests on an assessment of who holds the rights under the relevant substantive law.

In my view, the district court erred in dismissing the suit for lack of a proper plaintiff.  The fact that the bankruptcy plan recognized that Aina Le'a retained all rights in DW's then-existing suit did not necessarily require that Aina Le'a be formally substituted as the plaintiff in that action.  There has been some debate as to whether an *assignee* of a potential chose in action (such as Aina Le'a assertedly is here) is the proper party to maintain such a suit in federal court.  *See*, *e.g.*, *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008) ("Lawsuits by assignees, including assignees for collection only, are 'cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process.'" (citation omitted)).  But I do not see why, under Hawaii law, Aina Le'a could not exercise its right to control this suit by having DW (the holder of the underlying rights at issue in the potential chose in action) remain as the plaintiff, with Aina Le'a ultimately directing DW's conduct of the action and Aina Le'a receiving the proceeds (subject to DW's asserted right to retain a $17 million share).  *See*, *e.g.*, *THJ Hawaii, Inc. v. Nippon Trust Bank*, 153 P.3d 444, 447–48 (Haw. 2007) (discussing Hawaii precedent confirming that, at least in certain circumstances, "an assignee could also pursue the action in the name of the assignor").

2

Moreover, even if Aina Le'a should have been substituted as the proper plaintiff at the outset of the action brought by DW, that would not involve a *jurisdictional* defect. *Cf. Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (holding that substitution of a proper plaintiff is not permitted if the named plaintiff "never had standing"). DW was the original holder of the rights asserted in the suit and still claimed a concrete and particularized interest in their favorable resolution due to its continuing interests in the overall project. That is enough for Article III jurisdiction, and, if appropriate, Aina Le'a could have been substituted as plaintiff on the theory that, due to the asserted assignment, it was the real party in interest, under state law, for the specific claims asserted in the suit. *See* FED. R. CIV. P. 17(a). And if a subsequent assignment by Aina Le'a (back to DW) warranted a further substitution, there remained subject matter jurisdiction to consider that as well. But allowing the State to entirely escape liability on the underlying claim merely because of confusion over the proper plaintiff—which is what the district court's order amounts to—seems impossible to justify.

Based on these considerations, I concur in the court's judgment reversing the district court's judgment.[1]

---

[1] I express no view on any of the underlying substantive claims, including whether DW in fact has any right to a $17 million share or whether any such right was extinguished in Aina Lea's bankruptcy.

3